. CASE 18—PETITION EQUITY—OCTOBER 26.

# Finck & Schmidt Lumber Co. v. Mehler, Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. MECHANICS' LIENS—SUBCONTRACTORS—PRIORITY.—When notice is given, as required by the provisions of sec. 2467 of the Kentucky Statutes, of a subcontractor's lien for labor performed, or materials furnished, the lien if asserted within sixty days relates back and takes effect from the time of the commencement of the labor, or the furnishing of the materials just as does the lien of the principal contractor under the provisions of sec. 2463 of the Kentucky Statutes, and takes precedence of any other lien created in the meantime.

CHARLES G. HULSEWEDE FOR APPELLANT.

1. Where a subcontractor gives the required notice to the owner or employer he acquires a lien only from the date of notice, and if before that time an attaching creditor of the contractor has ac-

quired a lien, the lien thus acquired is superior to that of the contractor. Meier v. Lewis, 10 Ky. Law Rep., 773; Hardin v. Paul, 9 Ky. Law. Rep., 489.

L N. DEMBITZ FOR APPELLEES.

1. Under the provisions of our statute the subcontractor has an intrinsic lien on the fund due from the owner and the contracting builder, from the time the labor is performed or the material furnished, which lien is perfected and becomes enforceable upon the service of the notice, and if the notice is served within the prescribed time that lien is prior to any which may have been acquired in the meantime. Mullican v. Sieber, 7 Ky. Law Rep., 602; Dembitz' Ky. Jurisprudence, p. 423.

2. But the judgment can not be reversed for appellant because it was not prejudiced thereby in any event; the debtor claimed and set up his exemptions against its attachment, and if the judgment should be reversed and its attachment adjudged prior to the mechanic's lien, it could not get the fund or any part of it.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Chapter 79, Kentucky Statutes, title of which is "Liens," governs this case, and according to section 2463, being part thereof, "a person who performs labor or furnishes materials in the erection, altering or repairing a house, building or other structure, or for any fixture or machinery therein, or for the excavation of cellars, cisterns, vaults, wells, or for the improvement in any manner of real estate, by contract with or by the written consent of the owner, shall have a lien thereon and upon the land upon which said improvements shall have been made, or on any interest such owner has in the same, to secure the amount thereof, with costs; and said lien on the lands or improvements shall be superior to any mortgage or encumbrance created subsequent to the beginning of the labor or the furnishing of the materials; and said lien, if asserted as hereinafter provided, shall relate back and take effect from the time of the commencement of the labor or the furnishing of the materials."

But it is provided by section 2467 that "if the labor performed or materials furnished shall not be performed or furnished by contract with the owner, but for a contractor or subcontractor no lien shall attach for the same unless notice in writing be given to the owner that a lien will be claimed; and in such case it shall be the duty of the owner, if he at the time of receiving such notice is indebted to the contractor or subcontractor, to withhold a sufficient amount to satisfy the claim of the party so notifying him, provided his indebtedness be enough to pay the same; if not, then he shall pay to the extent of his indebtedness."

The notice required by that section was intended to protect the owner, who might, without it and in ignorance of the claim of a subcontractor or material man, pay the whole amount due to the principal contractor. Nevertheless such lien, though not actually attaching, so as to bind the owner until the required notice is given, has a potential existence, even as to him, and, if asserted within sixty days, like the lien of the principal contractor, relates back and takes effect from the time of the commencement of the labor or the furnishing of the materials, so as to exclude and take precedence of any other lien created in the meantime.

The notice was given by the material man in this case before the owner had fully paid the principal contractor and while he was still indebted to him; indeed the owner does not contest his right. Nor is it contended that the lien has been dissolved by failure of appellee to file its claim in the clerk's office within sixty days as provided in section 2468. But the question presented is simply whether appellant, a general creditor of the principal contractor, has, by attach-

[8]

ment acquired a lien upon the fund in the owner's hands, due to the principal contractor, superior to that of appellee, who furnished materials in erection of the house.

We think not, and the judgment is affirmed.

The court delivered the following response to petition for rehearing December 10, 1897:

As the lien of appellee, when notice of his claim was given to the owner, related back and took effect from the time the materials were furnished, and it does not appear from the record that his lien was ever dissolved, which it was incumbent on appellant to show, it must prevail against his attachment lien especially as the owner does not dispute the claim of appellee or contest validity of his lien.

Petition for rehearing overruled.