ALBERT A. LANE v. DAVID W. THOMAS ET AL.

1. WORDS INSUFFICIENT TO CONSTITUTE ORDER CREATE NO LIABILITY, WHEN.
   A telegram from the head contractor to a creditor in terms as follows: "Will be home Saturday or Monday. Meantime McGregor" (the president of the owner, a corporation) "can pay your last estimate if desired," is not an order for the payment of money, and never having been accepted as such by the owner, no rights in favor of the creditor arise under it.

2. LIEN OF SUBCONTRACTOR UNDER SEC. 3195 REV. STAT. SUPERIOR TO ATTACHMENT BY ANOTHER SUBCONTRACTOR, WHEN.
   The lien of a subcontractor upon property of the owner, for money due him from the head contractor under 95 O. L. 211 (Sec. 3195 Rev. Stat.), which gives subcontractors a lien upon the property of the owner to the extent of any balance remaining unpaid upon his contract with the head contractor, and provides that the lien, when perfected, shall relate back to the date of the furnishing of the first item of the labor, material, etc., under the contract, is superior to an attachment placed upon the property by another subcontractor after the former had entered into a contract to furnish material and commenced work under it, although the lien was not perfected until after the attachment process was served.

3. REPEAL OF SEC. 3203 REV. STAT. DOES NOT AFFECT RULE OF LAW CONTAINED THEREIN.
   The repeal of Sec. 3203 Rev. Stat., which provided that all proceedings in attachment against the head contractor to subject his interest in the contract should save and be subject to the claims of subcontractors, does not affect the rule laid down therein, which is the law without any statutory provision on the subject.

4. NOTICE FILED BY SUBCONTRACTOR WITH OWNER AFTER APRIL 18, 1903, GOVERNED BY PROVISIONS OF 95 O. L. 211.
   The cause of action of subcontractors against the owner to enforce liens for money due them from the head contractor, accrues, within the meaning of Sec. 79 Rev. Stat., when they file their notices with him as required by the mechanics' lien law. Hence, notices filed by subcontractors with the owner after the act of April 18, 1902 (95 O. L. 211; Sec. 3195 Rev. Stat.), went into effect, are governed by that act, which allows ninety days after the work is completed for the filing of such notices, and not by the former law repealed by said act, which required such notices to be given within sixty days.

5. ACT OF APRIL 18, 1902 (95 O. L. 211; SEC. 3195 REV. STAT.), CONSTITUTIONAL.
   The act of April 18, 1902 (95 O. L. 211; Sec. 3195 Rev. Stat.), is constitutional, since it cures the invalidity of the unconstitutional law of April 13, 1894 (91

O. L. 135), which gave subcontractors a lien on the property of the owner irrespective of whether there was anything due from the owner to the head contractor or not, by limiting the lien of the subcontractors on the property of the owner to the amount due from him to the head contractor.

APPEAL.

## WINCH, J.

This case comes into this court on appeal to marshal liens on funds in the hands of an owner of a building and due to his head contractor. The facts in the case are admitted. The fund is insufficient to pay all claims in full. Priority is claimed among the creditors of the head contractor growing out of rights under an order claimed to have been given by him, and involving attachment and mechanics' liens. As to the order it is in the form of a telegram, and reads as follows:

"July 24, 1902. Kasch Roofing Company.

"Will be home Saturday or Monday. "Meantime McGregor can pay your last estimate if desired.

"D. W. Thomas."

The Kasch Roofing Company is the creditor claiming this to be an order, D. W. Thomas, the head contractor, and McGregor, president and treasurer of the owner, a corporation. The telegram was exhibited to McGregor; he declared it to be no order, and refused, in any event, to accept it as such.

We do not consider this telegram as, in any legal sense, an order, and never having been accepted as such, no rights in favor of The Kasch Roofing Company arose under it.

As to the liens claimed by way of attachment, at least one attaching creditor, The Akron Brick & Tile Company, served the owner with garnishee process before any notices of the claims of subcontractors under the mechanics' lien law were filed with the owner. This creditor was also a subcontractor, and its claim was for material used in the construction of the owner's building. However, creditors claiming under the mechanics' lien law, whose claims exceed the fund in the hands of the owner, and would exhaust it, if their liens are superior, before this attachment process was served had entered into a contract with the head contractor to furnish materials and had commenced their work, although none of them had finished it.

Upon this situation the holders of mechanics' liens claim priority to the attachment liens under Sec. 3195 Rev. Stat., as amended April 18, 1902 (95 O. L. 211), which gives subcontractors a lien on the property of the owner to the extent of any balance remaining unpaid upon his contract with the head contractor, which lien shall date back from the date

of the furnishing of the first item of such labor, material, etc. Granting for the moment that the amended statute applies to this case, we think the contention of the holders of mechanics' liens is abundantly sustained by authority and upon principle. No refined distinction can be upheld which distinguishes between a lien upon the fund in the hands of the owner due the contractor and a lien upon his property measured by the amount of that fund. If there was any such distinction it would seem that a lien on the property would be superior to one upon the fund; for the owner has rights which are protected by this law, and one of those rights is to apply the funds in his hands due the head contractor to the extinguishment of liens on his property growing out of the conduct of the head contractor.

Our attention has been called to the fact that the legislature, when it last amended the mechanics' lien law, repealed Sec. 3203 Rev. Stat., which formerly provided that all proceedings in attachment against the head contractor to subject his interest in the contract should save and be subject to the claims of subcontractors. We think such was and is the law without any provisions of the statute on the subject, and refer to Jones v. Church of the Holy Trinity, 17 N. W. Rep. 362 [15 Neb. 81]; Thomas Roberts Stevenson Co. v. Guenther, 43 Atl. Rep. 129 [190 Pa. St. 628]; Finck & Schmidt Lumber Co. v. Mehler, 43 S. W. Rep. 403 [102 Ky. 111]; Holbrook v. Ives, 44 Ohio St. 516 [9 N. E. Rep. 228]; Tuttle v. Montford, 7 Cal. 358.

It was said in the last cited case:

"The lien of a mechanic, artisan and material man is favored in law because those parties have in part created the very property on which the lien attaches."

We do not think the legislature, by its last amendment, intended to depart from its policy to favor mechanics and material men. That policy is distinctly shown by the legislation of this state on the subject. To give to the repeal of Sec. 3203 Rev. Stat. the effect contended for by counsel for the attaching creditors would be to nullify the beneficent provisions of the mechanics' lien law, and to relegate mechanics and material men to the remedy of attachment; for if one attaches all must diligently do the same or lose their rights.

As intimated above, a third question remains for determination. There is a dispute among the creditors claiming under the mechanics' lien law whether the old law or the new law, as amended April 18, 1902, applies. The old law required notice to be given the owner within sixty days of the completion of the work; the new law allows ninety days for such notice. Some of the subcontractors gave notice within sixty days, and

others availed themselves of ninety days. If the old law applies, only those who gave notice within sixty days have liens. If the new law applies all claiming under such liens *pro rate* in the fund. The notices served on the owner by the subcontractors were all served on him after April 18, 1902, the date of the passage of the amendment, on which date it took effect. Some of the claimants made their contracts and began work thereunder before that date, and some after. All finished their work after said date. But in the view we take of the law it is immaterial when they began work. We hold that the cause of action in favor of the claimants against the owner accrued, within the meaning of Sec. 79 Rev. Stat., when they filed their notices with him as required by the mechanics' lien law. As all these notices were given after the amended law went into effect, they had ninety days after completion of their work within which to give such notices. This conclusion is in harmony with the opinion in the case of Kloeppinger v. Grasser, 25 O. C. C. 90, delivered by Judge Parker in the Lucas county circuit court on July 3, 1903, but not yet published.

It was claimed on the hearing that the act of April 18, 1902, in so far as it gives a lien on the property of the owner to subcontractors, is unconstitutional for the reasons stated in the case of Palmer v. Tingle, 55 Ohio St. 423 [45 N. E. Rep. 313]. We do not think the latter case applies. The law of April 13, 1894, therein considered, gave such lien to subcontractors irrespective of whether there was anything due from the owner to the head contractor or not. The law of 1902 cures the invalidity of the law of 1894, and limits the lien of the subcontractors on the property of the owner to the amount due from him to the head contractor. We hold the act of April 18, 1902 (95 O. L. 211; Sec. 3195 Rev. Stat.), is constitutional and valid.

Decree may be drawn according to the foregoing holdings.