## KOHN and others *v.* RYAN and others.

*(Circuit Court, S. D. Iowa, C. D. June 11, 1887.)*

1. ASSIGNMENT FOR THE BENEFIT OF CREDITORS—VALIDITY—HOW CONTESTED.
   To secure a hearing on the validity of an assignment it is necessary that an independent process should be instituted, as by garnishment, or, if the invalidity is apparent on its face, by a bill in equity. The jurisdiction over such process to test the validity of the assignment is not limited to the court in which the assignee has filed his bond and inventory, but exists in any court, state or federal, of otherwise competent jurisdiction.

2. SAME—GARNISHMENT—CONFLICT OF JURISDICTION.
   A court of competent jurisdiction, other than the one in which his bond and inventory are filed, will compel a voluntary assignee to respond to a writ of garnishment, if the property is not already within the possession or control of the court of concurrent jurisdiction.[1]

At Law. Motion to discharge garnishee.

*Lehman & Park,* for plaintiff.

*Cummins & Wright,* for garnishee.

SHIRAS, J. On the eighth day of February, 1887, this action was commenced against the defendant Patrick Ryan to recover the sum of $1,914.14 due on account for goods sold. A writ of attachment was sued out, and served by garnishing Michael Ryan, who answers to the writ, setting forth that on the fifth day of February, 1887, Patrick Ryan executed to him a general deed of assignment of his property for the benefit of creditors, under the provisions of the statute of Iowa; that on said fifth day of February he accepted said trust, the deed of assignment having been properly recorded, and filed an inventory of the property in the district court of Guthrie county, Iowa; that several parties, claiming liens on the assigned property, have brought proceedings for the foreclosure thereof in said state court, where the same are now pending; that said garnishee has in his hands some $6,700, realized from sales of the assigned property, the same being held by the garnishee subject to the orders of said state court, to be by it distributed as provided

---

[1] Respecting conflict of jurisdiction between courts of co-ordinate jurisdiction, see Melvin v. Robinson, *ante,* 634; Senior v. Pierce, *ante,* 625; Connor v. Hanover Ins. Co., 28 Fed. Rep. 553, and note; Domestic & Foreign Miss. Soc. 'v. Hinman, 13 Fed. Rep.. 165, and note; Davis v. Life Ass'n of America, 11 Fed. Rep. 781, and note.

by law; and that the garnishee has not in his possession, or under his control, any property of the defendant Patrick Ryan, save that which came into his hands by virtue of said deed of assignment.

In support of the motion to be discharged, filed by the garnishee, it is argued, first, that the subject-matter of controversy, to-wit, the validity of the assignment, can only be heard and determined in the court having control of the assignment proceedings, the contention being that the provisions of the statute requiring the assignee to file bond and inventory in the district court of the county, and giving that court full authority over the assignee, in effect confers upon that court exclusive jurisdiction over all questions affecting the assignment. The statute of Iowa does not create the right to make an assignment for the benefit of creditors. It simply recognizes, and in some particulars restricts, this right, and provides the method by which the trust created by the deed shall be carried into effect. The debtor cannot, under the statute, be compelled to make an assignment, nor can the court, by any order or decree, obtain control over or possession of the debtor's property. The debtor can, by executing a proper deed, convey his property in trust to an assignee, just as by the execution of a will he can transfer the title to his property, at his death, to the executor named in his will. In both cases express trusts are created, and by the provisions of the state statutes the state court is clothed with power and authority to supervise and direct the administration of the trusts thus created.

It has never been held that the probate of the will in the proper state court, and the filing of a bond and inventory by the executor, confers upon that court the exclusive jurisdiction of the question of the validity of the will so filed. In *Leighton* v. *Orr*, 44 Iowa, 680; *Gilruth* v. *Gilruth*, 40 Iowa, 346; and *Havelick* v. *Havelick*, 18 Iowa, 414,—it is held by the supreme court of Iowa that the filing and probate of a will in the county or circuit court did not deprive the district court of jurisdiction of an original proceeding to annul and set aside a will; and in *Gaines* v. *Fuentes*, 92 U. S. 10, it is held that where, by the statutes of the state, jurisdiction is vested in the state courts to entertain an independent proceeding to test the validity of a will, the United States courts will have like jurisdiction, if the adversary parties are citizens of different states.

If the jurisdiction over estates and wills vested in the probate court of the states does not oust the jurisdiction of other courts over the question of the validity of the will, why should the control given to the district court of the state in cases of an assignment deprive all other courts of jurisdiction over cases brought to test the validity of the assignment? The argument in support of the exclusive jurisdiction of the probate court is, in fact, much stronger than in cases of an assignment. Before a will can be probated, notice of the hearing must be given, and a contest may be made by parties interested.

Again, independent of statutory authority, a bill in equity will not lie to set aside a will, or annul probate thereof. *Broderick's Will*, 21 Wall. 508. In case of an assignment, the statutes of Iowa do not provide for a hearing upon the question of the execution or validity of the

deed; and to secure a hearing upon these questions it is absolutely necessary that an independent procceding should be instituted, and, unless the invalidity of the deed is apparent on its face, ordinarily a bill in equity would be the proper mode of attack, especially if the title to realty is involved.    The jurisdiction over such independent proceeding, to test the validity of the assignment, is not limited to the court in which the assignee has filed his bond and inventory, but exists in any court, state or federal, of otherwise competent jurisdiction.    *Van Patten* v. *Burr*, 52 Iowa, 518, 3 N. W. Rep. 524; *Adler* v. *Ecker*, 1 McCrary, 256, 2 Fed. Rep. 126; *Fleisher* v. *Greenwald*, 20 Fed. Rep. 547; *Shelby* v. *Bacon*, 10 How. 56; *Borer* v. *Chapman*, 7 Sup. Ct. Rep. 342.

The second proposition submitted in support of the motion is that, admitting that the state court, having statutory control of the assignment proceedings, has not *ipso facto* exclusive jurisdiction of the question of the validity of the assignment, nevertheless the assignee and the assigned property are so completely under the control of the state court that a due regard to his position and obligations, and the comity existing between courts of concurrent jurisdiction, require the adoption of the rule that the United States courts will not compel an assignee to respond to a writ of garnishment, as he may thus be subjected to conflicting orders and judgments, and that in fact the assigned property is practically in the custody of the state court, and that the assignee should not be held to account, upon the process of garnishment, for property, or the proceeds thereof, which he is bound to distribute as directed by the state court.

The general rule that one court will not seek to take possessson of property already within the possession or control of a court of concurrent jurisdiction is too well settled to need discussion.    If a state court, through a receiver or administrator appointed by such court, or by levy of a writ issued to the sheriff or other executive officer of the court, has taken possession of property, the United States court will not interfere with such possession.    No better illustration of the rule followed by this court on this question can be found than in the case of *Senior* v. *Pierce, ante,* 625.    It will be remembered, however, that, in cases of assignments, possession of the property is not taken under or by virtue of any order or process of court.    The assignee derives title and possession from the voluntary deed and act of the assignor, and the state court controls the execution of the trust through its control over the assignee.    If it be true that the United States court has jurisdiction to entertain a bill in equity to set aside an assignment on the ground of fraud, then it must have the right to compel the assignee to appear to and answer such bill, or to submit to a decree by default; and, if this be true, then the assignee is liable to be subjected thereby to the same difficulties as may arise upon a garnishment.    The fallacy in the position taken, lies in confounding the jurisdiction of the state court, over the execution of the trust created by the deed of assignment, with the jurisdiction over the wholly distinct question of the validity of the deed of assignment.    So far as it now appears, no procceding to test the validity of the assignment has been brought in the state court, and there

is nothing to prevent the United States court, at the suit of citizens of states other than Iowa, from taking jurisdiction of this issue.

The argument based upon the hardship to the assignee of subjecting him to the jurisdiction of the two courts at one and the same time applies with equal force to a case in which the validity of the assignment is attacked by a bill in equity in the United States court as to a case of garnishment. The hardship, if any, lies, not in the mere mode of attack, but in the fact that the assignee is called upon to appear and defend the validity of the assignment in a court other than that having control of the execution of the trust. That under the state practice a judgment or attachment creditor may question the validity of the assignment by either levying his writ upon the assigned goods, or by garnishing the assignee, will not be disputed. Why may not the same course be pursued in the United States court.

In *Jaffray* v. *McGehee*, 107 U. S. 361, 2 Sup. Ct. Rep. 367, it appeared that the firm of Moss & Bell, doing business in Arkansas, executed a general assignment of all their property for the benefit of creditors to one James M. Hudson, who accepted the trust, gave bond, and filed an inventory of the property in the state court, this being done on the twenty-first of December, 1878. The firm of McGehee, Snowden & Violett obtained judgment in the United States circuit court against the assignors, and on the twelfth of January, 1879, the marshal levied execution on the property in the hands of the assignee. Certain other creditors filed a bill in the United States court, setting forth the execution of the assignment, and praying that further proceedings upon execution be enjoined, and the property be returned to the assignee. Upon demurrer to the bill, the circuit court held that the assignment was void on its face, and dismissed the bill, and on appeal the supreme court sustained the ruling.

In *Chittenden* v. *Brewster*, 2 Wall. 191, a bill to set aside an assignment was filed in the United States court, and the supreme court sustained the same; holding that the filing thereof gave the complainant the first lien on the property, although in fact the assignee had delivered over the property to a receiver appointed in a proceeding brought in a state court, but not commenced until after the filing of the bill in the federal court. Under the doctrine of the decided cases, the true rule is that the filing of a bond and inventory in the state court by the assignee does not clothe that court with exclusive jurisdiction over the question of the validity of the assignment, nor is that question in fact put in issue in the usual proceedings had in executing the assignment. It is therefore open to creditors to attack the validity of the assignment by proper proceedings in any court of otherwise competent jurisdiction. When thus properly attacked, the judgment or decree of the court upon the question of the validity of the assignment is legally binding upon all parties to such proceeding. If in such a proceeding, the assignee being a party thereto, it is adjudged that the deed of assignment is void as against creditors, it is the duty of the assignee to bring such adjudication to the knowledge of the court in charge of the execution of the trust, and it will then become the duty of that court to give full

force and effect to such adjudication, so far as the same may effect the
proceedings before it, and in this way the assignee can be entirely pro-
tected from any actual hardship.   Upon the grounds, therefore, upon
which the motion for a discharge of the garnishee has been based in
argument, the same must be overruled.   Whether the deed of assign-
ment executed to the assignee can be attacked by making up an issue
on the answer, or whether a bill in equity should be filed, is not consid-
ered, as the question of the proper mode of presenting the issue has not
been discussed.   Motion is overruled.