## SMITH MIDDLINGS PURIFIER COMPANY v. McGROARTY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF OHIO.

No. 28. Argued April 15, 16, 1889.— Decided May 19, 1890.

An appeal from a decree of the Circuit Court of the United States, dismissing a bill filed by creditors to set aside a mortgage by their debtor, is within the jurisdiction of this court as to those creditors only whose debts severally exceed $5000.

The filing of a voluntary assignment for the benefit of creditors, and of the assignee's bond, in a probate court, under the statutes of Ohio, does not prevent a creditor, who is a citizen of another State, and has not become a party to the proceedings in the state court, from suing in equity in the Circuit Court of the United States to set aside a mortgage made by the debtor contemporaneously with the assignment.

In Ohio, a mortgage by an insolvent trading corporation to prefer some of its creditors, having been held by the Supreme Court of the State to be invalid, under its constitution and laws, against general creditors such a mortgage must be held invalid in the courts of the United States.

This was a bill in equity, filed November 4, 1885, by a corporation of Michigan against the Simpson and Gault Manufacturing Company, a corporation of Ohio, Sayler, a citizen of Ohio and assignee of that company, under the laws of Ohio, McGroarty, Simpson, Gault and Fitch, also citizens of Ohio, and Charles, a citizen of New York.

The bill alleged that the defendant company, on May 25, 1885, by a deed of assignment filed in the probate court of Hamilton County in the State of Ohio, granted and assigned all its property, real and personal, to Sayler, in trust to sell and dispose of it, and to apply the proceeds, after paying the

expenses of executing the trust, to the payment of all its creditors; that Sayler accepted the trust, and gave bond as required by the laws of Ohio, and entered on his duties as assignee under that deed, and sold all the property, and was about to distribute the proceeds; that the company then and still was indebted to the plaintiff in the sum of $1461.72, and interest from February 3, 1885; that on May 23, 1885, the company, being deeply insolvent, and contemplating and intending to make a general assignment of all its property to Sayler as aforesaid, and as part of one and the same transaction with that assignment, and by the procurement of Simpson, who was president of the defendant company, and of one O'Hara, its treasurer, executed and delivered mortgages of all its property to the five individual defendants, Simpson, McGroarty, Gault, Fitch and Charles, severally, in fraud of the plaintiff and other creditors of the company, and with a fraudulent intent to prefer the mortgagees as creditors of the company, contrary to the provisions of the statutes of Ohio regulating assignments for the benefit of creditors; and that the company, and Sayler as its assignee, had been requested by the plaintiff, and had refused, to take proceedings to have the mortgages set aside.

The bill prayed that the mortgages might be declared to enure to the benefit of the plaintiff and all other general creditors of the company; and that Sayler might be ordered to distribute the fund in his hands accordingly, and be restrained from applying it to the payment of the debts secured by the mortgages, and for further relief.

No service was made upon Charles; and, upon the plaintiff's motion, the bill was dismissed as to him, and was amended by joining as plaintiffs three citizens of the State of New York, partners under the name of W. & F. Livingston, and by alleging that they had recovered judgment against the defendant company in November, 1885, for the sum of $10,822.89, which remained unreversed, and upon which execution had been issued and returned unsatisfied.

Sayler, Simpson, McGroarty, Fitch and Gault demurred to the bill, for want of equity, and because the matters stated in

the bill, and all questions touching the validity of the mortgages and the distribution of the proceeds of the sale of the property, were within the exclusive jurisdiction of the probate court of Hamilton County. The court sustained the demurrers and dismissed the bill, and the plaintiffs appealed to this court.

*Mr. Joseph Wilby* and *Mr. J. C. Harper* for appellants.

*Mr. Thomas McDougall* for appellee.

Mr. Justice Gray, after stating the case as above, delivered the opinion of the court.

The claim of the plaintiff company, being for less than $5000, is insufficient to give this court jurisdiction, and the appeal must therefore be dismissed as to that company. *Stewart v. Dunham,* 115 U. S. 61; *Gibson v. Shufeldt,* 122 U. S. 27.

But the claim of W. & F. Livingston, citizens of New York, who by leave of the Circuit Court and amendment of the bill were joined as plaintiffs, is more than $10,000, which is sufficient to give this court jurisdiction of the appeal, so far as concerns their claim; and Charles, also a citizen of New York, who was originally joined as defendant, not having been served with process, and the bill having been dismissed as to him, the case in regard to the citizenship of the parties was within the jurisdiction of the Circuit Court.

The plaintiffs, in the brief filed in their behalf, expressly "disclaim any intention to impeach the transaction in controversy, as one made with intent to hinder, delay or defraud creditors;" and seek to maintain their bill on the sole ground "that the transaction shown by the bill is within the operation of section 6343 of the Revised Statutes, and that therefore the attempted preferences should be decreed to enure to the benefit of the general creditors."

By § 6335 of the Revised Statutes of Ohio of 1880, "when any person, partnership, association or corporation shall make an assignment to a trustee of any property, money, rights or credits, in trust for the benefit of creditors, it shall be the

duty of said assignee" to file the assignment in the probate court of the county in which he resides, and to give bond, with sureties approved by that court, for the performance of his duties as assignee.

By § 6343, "all assignments in trust to a trustee or trustees, made in contemplation of insolvency, with the. intent to prefer one or more creditors, shall enure to the equal benefit of all creditors, in proportion to the amount of their respective claims, and the trusts arising under the same shall be administered in conformity with the provisions of this chapter."

Subsequent sections provide for publishing notice of the appointment of the assignee, and for an appraisement and inventory of the property, the examination of the assignor and assignee on oath, the conversion of the property into money, the discharge of incumbrances, the proof of debts and the distribution of the property among the creditors.

The objection taken to the jurisdiction of the Circuit Court of the United States, upon the ground that the probate court of Hamilton County had exclusive jurisdiction of the matters in controversy, cannot be sustained. Upon the allegations of the bill, admitted by the demurrer, nothing appears to have been done in that court, before the commencement of this suit, except to file the voluntary assignment of the debtor, and the bond of the assignee; and the Circuit Court clearly had jurisdiction of a bill by citizens of other States, (who did not, so far as appears by this record, become parties to the proceedings in the state court,) to set aside the mortgages as fraudulent or invalid as against them. *Shelby* v. *Bacon*, 10 How. 56; *Green* v. *Creighton*, 23 How. 90; *Payne* v. *Hook*, 7 Wall. 425; *Arrowsmith* v. *Gleason*, 129 U. S. 86.

The defendants rely on the decision in *Sayler* v. *Simpson*, 45 Ohio St. 141, in which it appears that in a controversy to which these assignees, these mortgagees and W. & F. Livingston were parties, the Supreme Court of Ohio held that the probate court had jurisdiction to determine the rights of the mortgagees. But neither that decision, nor the facts stated in that report, have been pleaded or appear of record in this case.

The present case is to be decided by the application of the law of Ohio to the facts stated in this bill and admitted by the demurrer; and the best evidence of that law, as affecting the validity of the mortgages and assignment, is to be found in the decisions of the Supreme Court of Ohio. *Union Bank* v. *Kansas City Bank, ante,* 223, 235.

In the recent case of *Rouse* v. *Merchants' Bank,* 46 Ohio St. 493, that court, upon a similar state of facts, adjudged that mortgages made by a trading corporation after it had become insolvent, and had ceased to do business, to prefer some of its creditors, were invalid and ineffectual against its creditors generally, without regard to the question whether the mortgages were or were not parts of the same transaction as an assignment under the statute.

That decision, it is true, proceeded in part upon a theory that the property of an insolvent incorporation is a trust fund for its creditors in a wider and more general sense than could be maintained upon general principles of equity jurisprudence. *Graham* v. *Railroad Co.,* 102 U. S. 148, 161; *Wabash, St. Louis & Pacific Railway* v. *Ham,* 114 U. S. 587, 594; *Richardson* v. *Green,* 133 U. S. 30, 44; *Fogg* v. *Blair,* 133 U. S. 534, 541; *Peters* v. *Bain,* 133 U. S. 670, 691, 692. But it also proceeded in large part, as the opinion clearly shows, upon the constitution of Ohio, and the law and policy of that State as declared in previous decisions of its highest court, and should therefore be accepted by this court as decisive of the law of Ohio upon the subject.

It would be an extraordinary result, if the courts of the United States, in exercising the jurisdiction conferred upon them with a view to secure the rights of citizens residing in different States, should hold such a conveyance to be valid against citizens of other States as the Supreme Court of Ohio holds to be void as against its own citizens.

*Decree reversed, and case remanded for further proceedings in conformity with this opinion.*

Mr. Justice Brewer, not having been a member of the court when this case was argued, took no part in its decision.