## HINKLEY et al. v. ART STUDENTS' LEAGUE OF NEW YORK.

Circuit Court of Appeals, Fourth Circuit.
January 14, 1930.

No. 2907.

Frederick J. Singley and Joseph C. France, both of Baltimore, Md., for appellants Hinkley and Fidelity Trust Co. of Baltimore.

George E. Kieffner, of Baltimore, Md. (Ralph E. Lum, of Newark, N. J., and Stewart & Pearre, of Baltimore, Md., on the brief), for appellants Clayville-Smith and Zimmerman.

Charles McH. Howard, of Baltimore, Md., and Elbridge L. Adams, of New York City, for appellee.

Before WADDILL and NORTHCOTT, Circuit Judges, and McDOWELL, District Judge.

McDOWELL, District Judge. The opinion of the trial court has been published. See Art Students' League of New York v. Hinkley (D. C.) 31 F.(2d) 469. The appellants are the trustees appointed by the will of Edward G. McDowell, the daughter of said testator, and the guardian ad litem of the only child of the daughter.

We fully concur in the conclusion of the trial court to the effect that the will of Edward McDowell, the son, made a valid disposition of what may be conveniently termed the son's half of the property. And we think it unnecessary to discuss any question treated in the admirable opinion of the trial court, except that of the jurisdiction of that court.

It is urged by the learned counsel for the appellants that the will of Edward G. McDowell, the father, directs that one of the equity courts of Baltimore city, to be selected by the trustees, shall decide whether or not

the son shall have validly executed the power given him by the father's will, and that the trustee in 1914 selected the circuit court of Baltimore city. However, we are quite unable to read the will of Edward G. McDowell as indicating an intention that the said state court should determine the validity of any will that might be left by the son. While the father did intend that such one of the two equity courts of Baltimore city as might be selected by the trustees should administer the trusts created by his will, we can find nothing in the will which seems to us to indicate in the slightest degree an intention to specify what court should have power to pass judgment on the validity of a will, if any, which might be made by the son. In this respect the father's will is absolutely blank. There is nothing to show that the testator ever gave this subject a thought; but, if he did have any intention in this respect, he left out of his will every indication of such intent.

As there is nothing in the will that could control the matter, the jurisdiction to construe the will of the son, and to decide whether or not he made by his will a valid disposition of half of the property, would ordinarily be in any court having general equity powers, which had all of the indispensable parties before it.

However, relying on the noninterference rule, as set forth in Farmers Loan, etc., Co. v. Lake St. El. Rd. Co., 177 U. S. 51, 61, 20 S. Ct. 564, 44 L. Ed. 667, it is insisted on behalf of the appellants that the trustees, who are in possession of the property in dispute, are officers of the circuit court; and that this possession inhibits jurisdiction on the part of the federal court. The proceeding in the trial court was commenced in 1926. The proceeding in the state court, an ex parte proceeding by the trustees under the will of Edward G. McDowell asking the court to administer the trusts created by that will, was commenced in 1914. But we think it clear that the trustees are not officers, such as receivers, administrators, sheriffs, and marshals, whose possession of property is the possession of the court. The trustees were not appointed such by the court, and they did not acquire possession of the property by an order of the court. The possession of a sheriff by virtue of a writ issued by his court, or the possession of receivers, taken by virtue of an order of the court appointing them, is by general consent to be regarded as the possession of the court. But it seems to us an unauthorized and improper extension of the noninterference doctrine to treat the posses-

sion of the trustees here as the possession of the circuit court of Baltimore city. On the other hand, the trustees are more reasonably regarded as mere suitors, who have possession of the property in dispute; but whose possession could not prevent the trial court from taking jurisdiction to grant the relief asked in the bill.

In Powers v. Blue Grass Building & Loan Ass'n (C. C.) 86 F. 705, 709, Judge Lurton said: "While an administrator and a receiver are officers of the court appointing them, and their possession is the possession of the court, an assignee under the Kentucky statute is not in possession for any court, but holds under the deed appointing him. This has been so often settled in reference to similar assignments, under like statutes, as to be no longer open to debate. Shelby v. Bacon, 10 How. 55 [13 L. Ed. 326]; [George T. Smith Middlings] Purifier Co. v. McGroarty, 136 U. S. 237, 10 S. Ct. 1017 [34 L. Ed. 346]; Morris v. Landauer, 6 U. S. App. 510, 4 C. C. A. 162, and 54 F. 23; Lehman v. Rosengarten [C. C.] 23 F. 642; Ball v. Tompkins [C. C.] 41 F. 486."

In Farmers' Loan, etc., Co. v. Lake St. El. Rd. Co., supra, 177 U. S. 51, 61, 20 S. Ct. 564, 568, 44 L. Ed. 667, in referring to the noninterference rule, it was said: " * * * But it often applies * * * where, in the progress of the litigation, the [senior] court may be compelled to assume the possession and control of the property to be affected."

We believe that the rule referred to cannot apply in the case here. The senior jurisdiction of the circuit court of Baltimore city is only such jurisdiction as may be exercised in an ex parte proceeding instituted by trustees. This is confined to advising and directing the trustees. In the exercise of such jurisdiction we can conceive of no situation in which the court could possibly be compelled to assume possession and control of any of the property of the trust estate. Possession by the court's sheriff or receiver can never be necessary in merely advising and directing trustees. Disputes as to ownership of the property could not be settled in an ex parte proceeding. Proceedings against the trustees based on charges of dereliction of duty would have to be presented in a proceeding inter partes. It seems to be clear that the noninterference principle is based on a possible future need for possession of specific property by the court which has first undertaken a jurisdiction of such nature that in the course of the proceedings possession by the court (by its officer) may become necessary. Obviously, where the prior jurisdic-

tion is of such nature that possession of property by the court can never be necessary, the rule must be inapplicable.

In the opinion in Powers v. Blue Grass Building & Loan Ass'n, supra, at page 710 of 86 F., it was said: "It is also urged that, although neither the issues nor the parties are the same, and although that court may have no actual possession of the res, still the effect of this suit is to make ineffectual the jurisdiction of the state court. If this court should finally decide that the deed of assignment to Clay was invalid, the result would be that Clay would have no duties to perform as assignee, and no trust to have construed. But that does not show that this court, in the exercise of its proper jurisdiction over the issues under this suit, has interfered with the jurisdiction of the state court."

A further result of the ex parte character of the proceeding in the state court is that that court has not undertaken, and could not (in an ex parte proceeding) undertake, jurisdiction to adjudicate attacks on the title of the trustee. As such questions could be validly settled only in a proceeding inter partes, there is no validity in the contention of priority of jurisdiction on the part of the state court. The first and only court that has ever had jurisdiction of the subject-matter, of the cause and of the necessary parties, in other words the first and only court that has ever had the power to hear and decide the title to the property in dispute is the trial court. The case of Kohn v. Ryan (C. C.) 31 F. 636, 638, is much like the case at bar in principle. In that case Judge Shiras said: "The fallacy in the position taken, lies in confounding the jurisdiction of the state court, over the execution of the trust created by the deed of assignment, with the jurisdiction over the wholly distinct question of the validity of the deed of assignment."

In Swofford Bros. Dry-Goods Co. v. Mills (C. C.) 86 F. 556, 559, 560, it was said: "It is sufficient to say that the uniform ruling in the federal courts is that the filing of a copy of the assignment, schedule, oath, and bond of the assignee in the state court by the assignee does not clothe that court with exclusive jurisdiction over the question of the validity of the assignment, nor is that question, in fact, put in issue in the usual proceeding had in executing the assignment. It is therefore open to creditors to attack the validity of the assignment by proper proceedings in any court of otherwise competent jurisdiction, and the judgment or decree of the court wherein the question as to the va-

lidity of the assignment is tried is legally binding upon all parties to such proceeding."

An attack on the claim of an assignee under a deed of assignment, and an attack on the claim of trustees under a will creating trusts, are so closely similar as to make the foregoing authorities quite pertinent.

We are of opinion to affirm, the appellee's costs in this court to be paid from the half of the Edward G. McDowell estate which remains in the custody of the trustees, Hinkley and Fidelity Trust Company of Baltimore.

Affirmed.