## In re SENTINEL OIL CO.

### No. 26521–S.

District Court, S. D. California, C. D.

Oct. 16, 1935.

Andrews & Andrews and Mortimer A. Kline, all of Los Angeles, Cal., McCutchen, Olney, Mannon & Greene, J. T. Cooper, and William E. Wright, all of San Francisco, Cal., and Pease & Dolley, of Los Angeles, Cal., for plaintiffs in state court action.

H. L. Carnahan and Reuben G. Hunt, both of Los Angeles, Cal., for Sentinel Oil Co.

STEPHENS, District Judge.

Recently a very serious condition has arisen in the production of oil and gas in California, and much litigation has already been started and it seems inevitable that much more will follow. This condition arises from the fact that oil wells are not always drilled straight downward but, according to allegations in state actions, wells are sometimes drilled upon a slant which bottoms them directly under the surface of lands owned and controlled by other inter-

ests, and oil and gas belonging to the latter are extracted. There are claims that such deviations from the perpendicular are sometimes unintentional and sometimes intentional.

■ Suits in the state courts have been begun, and in some of them surveys have been taken and evidence introduced to show the facts obtaining. It is contended in this and other like actions before this court that the jurisdiction of the state courts to proceed with such actions is necessarily cut off the moment bankruptcy proceedings begin. I do not believe this is the law. Connell v. Walker, 291 U. S. 1, 54 S. Ct. 257, 78 L. Ed. 613; Ex parte Baldwin, 291 U. S. 610, 54 S. Ct. 551, 78 L. Ed. 1020. Whether or not this court has any jurisdiction to interfere with such state court suits need not be here decided; suffice it to say that it is my opinion that this court need not so interfere.

■ Assuming, without deciding, that there is concurrent jurisdiction and that the District Court sitting in bankruptcy may, in its discretion, assert its jurisdiction to try the alleged trespass, I think it should not generally do so in the type of cases herein under consideration for two reasons:

First. Such trespass ordinarily lies in the state courts and would ordinarily be brought therein. Good reason should be shown for imposing the burden of removing the action to another jurisdiction, and especially after the state court has made progress.

Second. The state court in this district can give relief by judicially determining the issue in a much shorter period of time than the federal courts. It is obvious that the product of the well should not be kept from its owner longer than absolutely necessary. If the product belongs to the well owner, he should have it without delay and questions as to his title should be promptly decided. If such product actually belongs to another, diversion to other channels should not be allowed to continue. Reorganization of a corporation should not be based upon the current income of such questionable titles nor should debtors of the estate be paid therefrom.

In the instant case the motion to modify the order heretofore made which effectually stopped progress in the state court actions is granted, and such order should be so drawn that the trial of the trespass is left in the state court to be there proceeded with and determined. Such order should direct the proper representative of the alleged bankrupt estate to appear in the state actions and there adequately protect the estate's interests.