**STATE OF TEXAS et al. v. DONOGHUE.***

**DONOGHUE v. STATE OF TEXAS et al.**

**No. 8189.**

Circuit Court of Appeals, Fifth Circuit. ·

Feb. 15, 1937.

Rehearing Denied March 5, 1937.

*Writ of certiorari granted 57 S.Ct. 795, 81 L.Ed. ——. ·

Joe Sharp, William C. Davis, C. M. Kennedy, and W. J. Holt, all of Austin, Tex., for appellants and appellee the State of Texas et al.

W. B. Harrell, of Dallas, Tex., for appellee and appellant David Donoghue.

Before HUTCHESON and HOLMES, Circuit Judges, and STRUM, District Judge.

HOLMES, Circuit Judge.

These are appeals and a cross-appeal from orders of the District Court made in a corporate reorganization proceeding under section 77B of the Bankruptcy Act, as amended (11 U.S.C.A. § 207). The principal order complained of denied a motion of state court receivers for repossession of property of the debtor which had been taken from them by the trustee in bankruptcy. Other orders directly appealed from are with reference to the right of the State of Texas to proceed with suits in its own courts against the debtor to recover taxes, fines, penalties, and forfeitures. One of the orders entered by the court below at the same hearing was adverse to the trustee, and from it he has prosecuted a cross-appeal. It dissolved injunctions, issued on the original reorganization hearing, which restrained the prosecution of tax and penalty suits in the state courts.

The relevant facts disclose that two suits were instituted in the state courts of Texas against the debtor within four months before the filing by the latter of its petition for reorganization in the bankruptcy court. In the first, the Attorney General of Texas sought the recovery of fines, penalties, and forfeitures incurred by numerous alleged violations of the oil conservation laws of the State (article 6036, R.S.Tex. acts 44th Leg.1935, p. 180, c. 76, § 12 (Vernon's Ann.Civ.St. Tex. art. 6036). He also asserted a statutory lien, under article 1373 of the Revised Statutes of Texas, upon all of the property of the debtor to enforce the payment of the amounts claimed. In accordance with the prayer of the petition, the court appointed receivers who took charge of the property in controversy for the purpose of securing the payment of the alleged fines, penalties, and interest.

HUTCHESON, Circuit Judge, dissenting in part.

In the second case, the Attorney General was suing to recover delinquent taxes alleged to have been incurred by the defendants in the production, refining, blending, and sale of motor fuel within the State of Texas; also penalties and interest alleged to have accrued by reason of such activities. A statutory lien was asserted and the appointment of receivers prayed for; but the court declined to appoint receivers for the reason, as assigned by it, that the property was then in the possession of receivers appointed by another court in the above mentioned first suit.

On December 18, 1935, the debtor, Trinity Refining Company, a corporation and one of the defendants in each of the above-mentioned suits, filed its aforesaid petition in the United States District Court for Northern Texas. The District Judge found that said petition was filed in good faith, and approved the same as properly filed. At the same time, the debtor filed a plan of reorganization. The court appointed a trustee who qualified and demanded of and received from the receivers in the first suit such properties as had been taken possession of by them.

Thereafter, January 8, 1936, on motion of the Attorney General, the state court in which the suit for taxes was pending, and wherein the appointment of receivers had been denied, transferred said suit into the District Court in which the penalty suit was pending, and on the same day the latter court entered in the tax suit an order appointing the same persons receivers of the debtor's property as previously had been appointed receivers in the penalty suit, reciting in the order that the bond theretofore executed by them as receivers in the first case was sufficient to stand as their bond in the second. Appellants claim that, since the latter suit seeking to foreclose a statutory lien was filed four days before the petition for reorganization was approved, the state court drew into its custody the property of the debtor to the exclusion of all other courts, notwithstanding the refusal to appoint receivers when the court was first requested so to do.

Although the defendants are exactly the same in each case, there was no effort toward consolidation prior to bankruptcy, and the two suits must be deemed separate and distinct in determining jurisdictional issues between the state court receivers and the trustee in bankruptcy.

■ In reorganization proceedings under section 77B, the bankruptcy courts have exclusive jurisdiction of estates of debtors, except where the property is in the custody of another court as an incident to the enforcement of a valid lien not obtained through judicial proceedings within four months prior to approval of the petition. Duparquet Huot & M. Co. v. Evans, 297 U. S. 216, 56 S.Ct. 412, 80 L.Ed. 591; Henderson v. Mayer, 225 U.S. 631, 32 S.Ct. 699, 56 L.Ed. 1233; Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060; Bryan v. Speakman (C.C.A.) 53 F.(2d) 463; In re White Star Refining Co. (C.C.A.) 74 F.(2d) 269. The jurisdiction and powers of the court, the rights and liabilities of creditors, and of all persons with respect to the debtor and its property, are the same as if a voluntary petition in bankruptcy had been filed and a decree of adjudication entered when the petition for reorganization was approved. Section 77B (o), 11 U.S.C.A. § 207 (o). Also, in addition to the provisions of 11 U.S.C.A. § 29, the judge may enjoin or stay the commencement or continuation of suits against the debtor until after final decree; and may, upon notice and for cause shown, enjoin or stay the commencement or continuance of any judicial proceeding to enforce any lien upon the estate until after final decree. Section 77B (c) (10), 11 U.S. C.A. § 207 (c) (10).

■ In the first suit, the lien relied upon by appellants came into existence through legal proceedings. It was the filing of the suit which created the lien. The statute provides that the State shall have a lien "from the date that suit shall be instituted," and that the institution of such suit "shall constitute notice of such lien" (article 1373, supra). Having been obtained through legal proceedings within four months prior to the filing of the petition, it must be deemed null and void under section 67(f) of the Bankruptcy Act, as amended, 11 U.S.C.A. § 107(f); and the property affected by such lien shall be deemed wholly discharged and shall pass to the trustee as part of the estate of the bankrupt. In re Obergfoll (C.C.A.) 239 F. 850; Globe Bank & Trust Co. v. Martin, 236 U.S. 288, 35 S.Ct. 377, 59 L.Ed. 583; In re Diamond's Estate (C.C.A.) 259 F. 70; In Greyling Realty Corporation (C.C. A.) 74 F.(2d) 734, certiorari denied, Troutman v. Compton, 294 U.S. 725, 55 S.Ct. 639, 79 L.Ed. 1256; Moore v. Garraguez (C.C.A.) 83 F.(2d) 139.

■ Aside from the lien, the State contends that it should be permitted to proceed to confiscate alleged illegal oil under the provisions of the Texas Confiscation Act. Unlawful oil is defined by paragraph (d) of section 1 of article 6066a of Vernon's Annotated Civil Statutes of Texas as "oil which has been produced within the State of Texas from any well or wells in excess of the amount allowed by any order of the Commission, and oil which has been produced within said State in violation of any law of said State or in violation of any order of the Commission, and shall include any oil transported in violation of any such law or in violation of any such order."

The Confiscation Act declares such oil a nuisance and directs that it shall be forfeited to the State as thereinafter provided (article 6066a, § 10(a). It sets out the court procedure necessary to obtain a judgment of forfeiture and of authorization of seizure and sale of the products, as personal property is sold under execution. It provides further that the money realized from the sale of any such unlawful oil or products shall be applied, first, to the payment of the cost of suit and expenses incident to the sale of such products after such expenses have been approved by the court, and that all funds then remaining shall be remitted forthwith to the State Treasurer and shall be by the Treasurer placed to the credit of the General Revenue Fund of the State of Texas. The validity of this act is assailed as unconstitutional and void, but we deem it unnecessary to decide this contention. The oil was valuable property; it was not a nuisance per se; the title to it was in the debtor at the time the petition for reorganization was filed; and it passed to the trustee as part of the debtor's estate. It is now properly in the custody of the bankruptcy court.

■■ In the second suit, which asserted a lien and sought a decree for gasoline taxes, the state court declined to appoint receivers until after the petition for reorganization was approved. When the belated appointment was made, the exclusive jurisdiction of the bankruptcy court had attached, and it was too late for the local tribunal to draw to itself the res which was already in custodia legis. In Shields v. Coleman, 157 U.S. 168, 15 S.Ct. 570, 39 L.Ed. 660, it was held that, by vacating an order appointing a receiver, and discharging him, the court released its exclusive right to the custody of the property and left the way open for the jurisdiction of other courts to attach to it. We think an order declining to appoint a receiver in the first instance has the same effect, even though the reason for so doing was the existence of another state court receivership.

In the case before us, if the state court in the second suit, instead of declining to appoint a receiver prior to bankruptcy, had appointed a receiver and directed him to apply to the court in the first suit for possession of the property, when the first court should release it from custody, it would then probably have obtained priority over the bankruptcy proceeding, but, by declining to appoint a receiver, it released its claim to the custody of the property when the proceedings in the first suit were invalidated, and left the way open for the jurisdiction of the bankruptcy court to attach to it. There was no reason why the court in the second suit could not appoint a receiver who would have stood ready to take possession of the property when the first court's jurisdiction was released. Penn General Cas. Co. v. Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 389, 79 L.Ed. 850. In the just cited case, after stating that, where the judgment sought is strictly in personam, suits may proceed at the same time in both state and federal courts having jurisdiction, but that, if the two suits are in rem or quasi in rem, requiring that the court or its officer have possession or control of the property which is the subject of the suit, it is stated that "the jurisdiction of one court must of necessity yield to that of the other," and that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other. Mr. Justice Stone then says:

"Where the assertion of jurisdiction by the two courts is nearly simultaneous, it becomes important, as in the present case, to determine the precise time when the jurisdiction attaches. If the two suits do not have substantially the same purpose, and thus the jurisdiction of the two courts may not be said to be strictly concurrent, and if neither court can act effectively without acquiring possession and control of the property pendente lite, the time of acquiring actual possession may perhaps be the decisive factor. Compare Moran v. Sturges, supra, 154 U.S. 256, 284, 14 S.Ct. 1019 [38 L.Ed. 981]; Harkin v. Brundage, supra, 276 U.S. 36, 43, 48 S.Ct. 268 [72 L.Ed. 457]. But, when the two

suits have substantially the same purpose and the jurisdiction of the courts is concurrent, that one whose jurisdiction and process are first invoked by the filing of the bill is treated as in constructive possession of the property and as authorized to proceed with the cause. Harkin v. Brundage, supra, 276 U.S. 36, 43, 45, 48 S.Ct. 268 [72 L.Ed. 457]. Jurisdiction thus attaches upon the filing of the bill of complaint in court, at least where process subsequently issues in due course. Palmer v. Texas, supra, 212 U.S. 118, 129, 29 S.Ct. 230, [53 L.Ed. 435]; Farmers' Loan & Trust Co. v. Lake Street Elevated R. Co., supra, 177 U.S. 51, 60, 20 S.Ct. 564 [44 L. Ed. 667]; compare Smith Middlings Purifier Co. v. McGroarty, 136 U.S. 237, 240, 10 S.Ct. 1017, 34 L.Ed. 346. The confusion and uncertainty are thus avoided which might otherwise result from the attempt to resolve the troublesome question of what constitutes actual possession and to determine priority of service of process in the two suits."

By declining to appoint any receiver or to issue any other process to take charge of the property, the state court's jurisdiction in the second suit did not attach upon the filing of the bill because it was not a case "where process subsequently issued in due course." We find no error in the orders assailed by the appellants, and they are affirmed.

██ As to the cross-appeal by the trustee it is contended that the court erred in dissolving injunctions restraining prosecutions in the state courts of said suits against the debtor and others for penalties and for gasoline taxes, wherein the State claimed liens to secure the payment thereof upon the property of the debtor which was in the custody of the trustee. The argument is that such suits would necessarily interfere with full jurisdiction over the res by the bankruptcy court; that, having taken possession of the property of the debtor, it was the duty of the trustee to pay all taxes due by it [City of Dallas v. Menezes (C.C.A.) 16 F.(2d) 779; In re Florence Commercial Co. (C.C.A.) 19 F. (2d) 468; Van Huffel v. Harkelrode, 284 U.S. 225, 52 S.Ct. 115, 76 L.Ed. 256, 78 A. L.R. 453]; that the bankruptcy court has the power to determine the amount and validity of all such claims against the debtor; and that its jurisdiction is superior to that of the state court which was not foreclosing any lien on property within its control when the reorganization petition was approved, as well as of the state court wherein the lien was obtained by filing suit.

It may be that the orderly administration of the reorganization proceedings would be subserved by the bankruptcy court exercising its powers in adjudicating the amount due for taxes, the legality or illegality of the claims for fines and penalties, the matter of forfeitures, and the validity or invalidity of the alleged liens upon property in the possession of the trustee in bankruptcy, but that was a matter for the determination of the District Judge in his discretion. Having first issued the temporary injunction, he later saw fit to dissolve it, and we cannot say that there was an abuse of discretion in so doing. Smith v. Vulcan Iron Works, 165 U.S. 518, 17 S. Ct. 407, 41 L.Ed. 810; Meccano, Ltd., v. Wanamaker, 253 U.S. 136, 40 S.Ct. 463, 64 L.Ed. 822. Cf. United Fuel Gas Co. v. Public Service Comm., 278 U.S. 322, 49 S. Ct. 157, 73 L.Ed. 402; Alabama v. United States, 279 U.S. 229, 49 S.Ct. 266, 73 L. Ed. 675; Ohio Oil Co. v. Conway, 279 U.S. 813, 49 S.Ct. 256, 73 L.Ed. 972. Also cf. Supreme Court rule 12, 286 U.S. 602, 603 (28 U.S.C.A. following section 354).

Both on direct and cross appeal, the case is affirmed.

HUTCHESON, Circuit Judge (concurring in part and dissenting in part).

Except as it affirms the denial of the State's petition to be allowed to proceed in condemnation against the alleged "unlawful oil," I concur in the general result of the decision. I agree, too, with the general statement of the opinion as to the jurisdiction of the bankruptcy court in reorganization proceedings, and in all that is said with regard to the first suit. I do not agree with, but respectfully dissent from, what is said as to the effect on the second suit of the filing of the debtor's petition for reorganization. The authorities the opinion cites lead, I think, to a conclusion exactly the opposite of that the opinion announces, that because the court declined to appoint receivers it did not acquire jurisdiction over the property. They make it clear, I think, that in the case of a suit to foreclose a lien, valid as well after as before the institution of bankruptcy proceedings, "jurisdiction thus attaches upon the filing of the bill of complaint in court, at least where process subsequently issues [on a bill] in due course."

Penn General Cas. Co. v. Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 389, 79 L.Ed. 850; Harkin v. Brundage, 276 U.S. 36, 43–45, 48 S.Ct. 268, 72 L.Ed. 457; Metcalf v. Barker, 187 U.S. 165, 23 S.Ct. 67, 47 L.Ed. 122; Palmer v. Texas, 212 U.S. 118, 29 S.Ct. 230, 53 L.Ed. 435; Farmers' Loan & Trust Co. v. Lake Street El. R. Co., 177 U.S. 51, 20 S.Ct. 564, 44 L.Ed. 667. In this case process issued in due course.[1] The majority opinion is therefore in error in stating that this is not a case where process subsequently issued in due course. The error of the majority arises, I think, from the mistaken view that the appointment of a receiver, or other process of seizure, is necessary to give jurisdiction. White Star Refining Co. (C. C.A.) 74 F.(2d) 269, 271, cited by the majority, announces, and the announcement is supported by uniform authority, "that the foreclosure of a lien not invalidated by bankruptcy on specific property *undertaken in a state court with or without receivership is unaffected by the subsequent filing of a bankruptcy petition against the owner of the property, and that the bankruptcy court as to that property has not paramount jurisdiction but only concurrent jurisdiction and must observe due comity is now well settled."* (Italics mine.)

Notwithstanding my difference with the majority in these respects, I believe the decision of affirmance, except as to the condemnation proceeding, was right, for, the property not having been taken into the actual physical possession of the state court through its receivers (cf. Moran v. Sturges, 154 U.S. 256, 14 S.Ct. 1019, 38 L.Ed. 981), the jurisdiction of the state and federal courts as to the determination of liens upon or claims against the property was concurrent up to the point of its seizure for the purpose of satisfaction of those claims. Fred T. Ley & Co. v. Wheat (C. C.A.) 64 F.(2d) 257. If, then, the jurisdiction and power of the court in reorganization proceedings were no greater than it is in ordinary bankruptcies, its action in taking the property over would have been error. But, under section 77B (c) (10), 11 U.S.C.A. § 207 (c) (10), the reorganization court has power to enjoin or stay lien suits until after final decree, and whether the state court had actual possession of the property, or not, it could have stayed all proceedings in the suit. Its action therefore in taking charge of the property, and holding it to preserve the status

while permitting the state suits to go on, was, I think, no violation of comity but the exercise of a sound administrative discretion in recognition of it. In this way the court prevented the dissipation of the property during pendency of the reorganization proceedings, while permitting the State to proceed in its own courts in the enforcement of its own laws against a company which on the pleadings, the only record we have, appears to have been an egregiously·willful tax evader and violator of those laws. Bankruptcy does not of itself destroy the jurisdiction of state courts. It is competent for the court of bankruptcy to permit administration to go on in them. Ex parte Baldwin, 291 U.S. 610, 54 S.Ct. 551, 78 L.Ed. 1020; Connell v. Walker, 291 U.S. 1, 54 S.Ct. 257, 78 L.Ed. 613. It is usual and proper for federal courts to defer to prior state court proceedings to the extent of relinquishing jurisdiction to them, especially where the suits, like those dealt with in this proceeding, are brought by a state in respect of its fiscal affairs. Pennsylvania v. Williams, 294 U.S. 176, 55 S. Ct. 380, 79 L.Ed. 841, 96 A.L.R. 1166; Penn General Cas. Co. v. Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850. The suits brought here are not only in the interest of preventing tax evasion, but, if successful, would establish the complete insolvency and inability of the debtor to reorganize. Their prosecution should not be drawn into the bankruptcy court, but should be left in the state courts. In re Sentinel Oil Co. (D.C.) 12 F.Supp. 294; In re Missouri Gas & Electric Service Co. (D.C.) 11 F.Supp. 434. To the condemnation proceeding which the state sought permission to bring, these observations apply with peculiar force. · If the oil is "unlawful oil," and subject to condemnation, certainly, by taking bankruptcy or by proceeding in reorganization, a willful violator may not change it into lawful oil. If the State was entitled to condemn it before the petition was filed, it was equally so entitled after it was filed. The proceeding to condemn is a special one; it must be followed exactly as provided for by the statute. U. S. v. Smelser (C.C.A.) 87 F.(2d) 799; Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084. The bankruptcy court sitting in reorganization is not competent to inquire into or adjudge the condemnation. The result of the court's order in refusing permission to proceed, if effective

---

[1] Finding of fact of the trial court VIII: "Citation and notice were duly issued in the cause, and service thereon was had."

54

would be that the reorganization would proceed on the assumption that the oil was the debtor's property only to have that assumption disappear if in a condemnation suit filed after reorganization judgment went for the State. For it is perfectly plain that a proceeding, in which the question of whether the property is to be forfeited may not be tried and decided, cannot affect that question. Though, therefore, I am of the opinion that the bankruptcy court was without power to prevent the State's first proceeding with its suit to condemn, and that the State may proceed without permission, for such a suit is not one in rem, and does not require the court to have possession of the property until the judgment of condemnation is entered, I think the State did the seemly thing in applying for permission, and that permission should have been granted as matter of course. If the oil is condemned while the property is still in the custody of the reorganization court, certainly that court can be depended upon in the exercise of the comity due between courts to surrender it on the State court's writ for sale as the statute requires. I therefore dissent from the judgment of affirmance as to the condemnation proceeding.

On Petition for Rehearing.

PER CURIAM.

As neither of the judges who concurred in the judgment of the court in the above numbered and entitled cause is of opinion that the petition for rehearing should be granted, it is ordered that the said petition be, and the same hereby is, denied.