In the Matter of BERMAN & COMPANY, Inc., Bankrupt.

NATIONAL FINANCE COMPANY, Appellant,

v.

Carl J. MARLOW, Trustee, etc., Appellee.

No. 15964.

United States Court of Appeals
Sixth Circuit.

March 25, 1965.

Edward L. Kevern, Toledo, Ohio, for appellant.

William B. Devlin, Toledo, Ohio (Eliot L. Kaplan, Toledo, Ohio, on the brief), for appellee.

Before WEICK, Chief Judge, and MILLER and PHILLIPS, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the district court denying the petition for review of an order of the referee in bankruptcy.

Berman and Company, the bankrupt, was an Ohio corporation which for many years did a retail clothing business in Toledo, Ohio, under the trade name of National Credit Clothing Company. On January 28, 1961, the building which it occupied was destroyed by fire and all its physical assets were lost. On August 21, 1961, an involuntary petition was filed, and the corporation thereupon admitted its insolvency and consented to be adjudged a bankrupt. Its only assets were its accounts receivable and its claims under certain fire insurance policies.

Appellant, National Finance Company, had a financing agreement with the bankrupt whereby appellant purchased at a discount, with recourse, time payment notes which the bankrupt had received from its customers for merchandise. At the time of the fire the bankrupt owed appellant more than $112,000, secured by about $65,000 in good accounts and $47,-707.94 in past due accounts.

One month after the fire and some six months prior to bankruptcy, the bankrupt executed and delivered to appellant a written assignment of $47,707.94 of the proceeds of fire insurance then owed to the bankrupt under its fire damage and business interruption insurance policies. As a part of this assignment agreement, appellant released the president of the bankrupt corporation and his wife from their personal guaranty of the indebtedness. The trustee collected $68,-700 in fire insurance, and refused to recognize the assignment.

After a hearing, the referee held that the assignment of insurance by the bankrupt to appellant was made in contemplation of bankruptcy and with the intent to prefer appellant over the other creditors of the bankrupt; that appellant knew of this intent to grant it a preference and that the bankrupt was insolvent; and that the assignment was invalid as against the trustee in bankruptcy and was void under Ohio law. The referee entered an order releasing and discharging the lien which plaintiff claimed against the insurance proceeds and appellant filed a petition for review in the district court.

The referee made a detailed certificate containing findings of fact and conclusions of law, all of which were approved and confirmed by the district judge.

■ Concurrent findings of fact by a referee and a district judge will not be set aside on appeal "on anything less than demonstration of plain mistake." In re D. I. A. Sales Corporation, 339 F.2d 175, 178 (C.A. 6).

■ We find that action of the referee is fully supported by Section 70, sub. e(1) of the bankruptcy act, 11 U.S.C. § 110, sub. e(1). The referee correctly summarized the law of Ohio as follows:

"Ohio follows the rule that the property and assets of a corporation constitute a trust fund for the payment of its debts, and that an insolvent corporation which has ceased to do business can not by transfer of its property to one of its creditors in payment of antecedent debts create a valid preference to that creditor over its other creditors. When such a situation occurs, the property transferred may be traced and re-

covered unless the holder is a bona fide purchaser for value, and without notice."

See Page's Ohio Revised Code §§ 1313.56, 1313.57. Stellwagen, Trustee v. Clum, 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507; Smith Middlings Purifier Co. v. Mc-Groarty, 136 U.S. 237, 10 S.Ct. 1017, 34 L.Ed. 346; Carruthers v. Kennedy, 121 Ohio St. 8, 166 N.E. 801; Rouse, Trustee v. Merchants' National Bank of Cincinnati, 46 Ohio St. 493, 502–504, 22 N.E. 293; In re Lee, 129 F.Supp. 920 (N.D. Ohio).

Affirmed.