[File No. 6065.]

THOMAS HOLDEN, Respondent, v. EVA S. WALKER, et al., and
EVA S. WALKER and Charles W. Morris, Appellants.

(265 N. W. 602.)

Opinion filed January 27, 1936.    Rehearing denied March 21, 1936.

*Traynor & Traynor* and *F. R. Stevens,* for appellants.
*Sinness & Duffy* and *F. T. Cuthbert,* for respondent.

BURR, J.    This action was "remanded to the trial court for the
purpose of taking testimony on these two issues which the defendants
are required to prove—what was the actual amount of indebtedness
owing to Walker by her father at the time of conveyance, and what
sums did the defendants furnish from their own private resources
in order to preserve the estate."   Holden v. Walker, 63 N. D. 372, 395,
248 N. W. 318, 328.   The trial court was required to take the evi-
dence and certify and return it to this court.   The burden of proof

is upon the defendants to establish both issues. That the situation may be clear, we reiterate the general holding of the decision formerly rendered—that the interest of the plaintiff is, in general, superior to the interests of the defendants Walker and Morris, unless they have established these issues. If they did, they would have a lien upon the entire estate to the extent proved on the issues, and superior to the lien of the plaintiff.

The trial court made findings to the effect that at the time of conveyance J. H. Smith owed his daughter, Eva Walker, the amount of $1,500.00, represented by two notes of $1,000.00 and $500.00 respectively, and further that the defendant Walker, from her own private resources, furnished $5,000.00 to preserve the estate. The trial court found, however, that the defendants "received more than Sixteen Thousand Dollars from the 1930 crop raised on the premises so transferred to Eva S. Walker and they have had the use and income from such lands during succeeding years; that the said Eva S. Walker received from her father as a part of such conveyance a large amount of personal property including notes representing thousands of dollars; that among said notes was one of Grace Lewis Connell in the amount of about Four Thousand Dollars upon which suit was subsequently brought by the said Walker and through the means of which she acquired title to 520 acres of unencumbered farm lands in Ramsey county; that the said Eva S. Walker also received a half section of unencumbered land in Cavalier county, North Dakota, as shown by Exhibit 'C,' and that she received title to five and three-fourths quarter sections of unencumbered land in Ramsey county, North Dakota, besides considerable property at Crary, North Dakota, aside from that which was mortgaged to raise funds for said bank and aside from that which is involved in this action; that the real and personal property aforesaid have been used and appropriated by the defendants Walker and Morris herein to their own use upon the basis of absolute ownership, and that such property has been by them placed beyond the reach of the creditors of the said J. H. Smith; that the value of the real and personal property so received by the said defendants and appropriated by them to their own use far exceeded the indebtedness owing by the said Smith to the said Walker at the time of said trans-

fers, together with the amount advanced by the defendants Walker and Morris for the preservation of said estate."

The trial court in effect found against the defendant Walker on the claim that at the time of the transfer her father owed her for the amount of her interest in her mother's estate.

This court has repeatedly pointed out the weight to be given to the findings of the trial court. This is based largely upon the opportunity the court has to observe the witnesses and the consequent advantage of judgment regarding the attitude of the witnesses, manner of testifying, and apparent desire and attempt to tell the truth as contrasted with the reading from cold type. In this portion of the case, however, the witnesses testified by deposition and the trial court was in no better situation to pass upon the credibility of the witnesses than is the court of review.

It is true the record shows the defendant has no tangible proof for many of the claims she insists upon. There is nothing incredible in her version; but while she may believe she advanced certain sums, she is required to prove it here. However, as we point out later, there are sources of proof independent of her testimony which bear out much of which she says. Unfortunately for the plaintiff, he is not in position to furnish direct proof in contradiction. He must rely upon the cross examination, and the skilful, courteous, and patient methods employed by his counsel are certainly commendable.

The additional testimony shows that while the defendant Morris did not advance any money from his own private resources in order to preserve the estate, yet in May 1930 he and his co-defendant Walker borrowed $5,000.00 from the Northwestern Valley Bank of Minneapolis, giving their note for it, and paid this amount into the First National Bank of Crary to pay an assessment on the bank stock owed by Smith, and the note is yet unpaid, and, therefore, to the extent of his liability on this note his interest in the estate, based upon the agreement made with the deceased Smith, is superior to the claim of the plaintiff.

The testimony furnished in support of the claim of the defendant Walker as to further advances to preserve the estate is voluminous but extremely vague. Unfortunately defendant Walker is unable to

furnish tangible proof of what she undoubtedly believes to be the facts. The financial relations between the father and daughter, detailed by her testimony, are not incredible. Nevertheless, the burden of proof being upon her to establish the amount of money she furnished from her own private resources in order to preserve the estate, it is not sufficient for her to say she believes she spent certain sums of money. Her testimony on this feature is so vague and indefinite that she cannot recover therefor, except for her liability on the note signed with her co-defendant Morris.

The fact that Smith received from Mrs. Walker all of the interest she received from her mother's estate was practically determined in the former hearing. 63 N. D. 372, 248 N. W. 318. That Mrs. Walker received certain definite sums of money and other property from her mother's estate is well established. The final decree of distribution is in evidence and shows property as follows: cash in bank $9,678.31; savings accounts in the same bank $1,137.31; certificates of deposit in the same bank $4,183.74; 10 shares of stock in the bank, appraised at $1,000.00; 59 shares of stock in Northern States Power Co., appraised at $5,900.00; 1 share of stock in the Empire Gas and Fuel Co., appraised at $100.00; 3 promissory notes for $3,665.00, appraised at $2,000.00; 2 first mortgages on real estate for $1,500.00 and $1,-000.00 respectively and a second mortgage on real estate for $775.00. The amount due on these mortgages is not shown. In addition to the testimony, the exhibits show that the administrator distributed $4,000.00 out of the mother's estate prior to final distribution. If the father received all of her share of this estate, then he owed her thereon the sum of $13,999.68 and her half interest in these real estate mortgages. 63 N. D. 378, 248 N. W. 318. She testifies positively she turned over all of her share to her father, and though she does not have notes or other evidences of indebtedness to substantiate this statement, she testifies positively to the fact, and the relationship between father and daughter, as disclosed by the entire record, renders her story quite probable. In the agreement to transfer the property, Exhibit C. of the original case, the father says that he "recognizes certain indebtedness in favor of Eva S. Walker, his daughter, of Los Angeles, California, in excess of Twenty Thousand Dollars ($20,000),

the exact amount of which cannot be determined, and certain inheritances to which said Eva S. Walker was entitled on the death of her mother, the wife of said J. H. Smith . . ." The half interest in her mother's estate, as it was appraised on final distribution, amounts to $13,999.68 and the half interest in the real estate mortgages. The record from the county court shows this. Mrs. Walker says she gave this half interest to her father, and Exhibit C. states it as part of the consideration for the agreement to convey. Consequently we find her father owed her that sum at the time of the transfer of the property. Ex. C. states as further consideration that he owed in addition an indebtedness in excess of $20,000.00. Of course, this statement of his is not evidence. It is incumbent upon Mrs. Walker to show what the amount is. The only definite testimony we have on this feature relates to one note for $1,000.00; one note for $500.00, given her by her father as evidence of money she advanced to him; and one check for $1,210.00, given by him to her which she claims was for a debt due her from him and the check was not cashed. These were introduced in evidence. The testimony with reference to any additional indebtedness is so vague and indefinite that Mrs. Walker has failed to sustain the burden of proof thereon. While we may be under the impression that as a matter of fact her father did owe her further sums, we cannot base a decision upon impressions.

The claim of offsets by means of crops for certain years we do not find substantiated. The record shows the defendants have had control of the estate for several years. The record in this case does not show any net profit which the defendants should be required to apply upon their claims. Their claims with interest amount to a substantial sum. Whatever may have been the returns from the estate, interest, taxes, and expenses may have been paid. There is clear intimation that part of the estate has been lost through foreclosures of liens superior to any interests of the parties to this action. The extent of defendants' interests is finally determined here. They will be required to account for any income from the estate and show the disposition thereof in the interest of the estate. They cannot now be heard to claim any further expenditures of private funds, but may show the disposition of the

income. If there was net profit, the defendants must credit the same upon their claims.

The judgment of the court, therefore, is that at the time of the transfer of the property the father, J. H. Smith, was indebted to the defendant, Mrs. Eva S. Walker, in the sum of $16,709.68 advanced by her to him from time to time and the half interest in the mortgages; but the value of these is not shown. For this amount of $16,709.68 with interest and for the indebtedness shown by the two notes for $1,500.00 and the check for $1,210.00 Mrs. Walker has a lien upon the entire estate superior to the interests of the plaintiff Holden. The record shows further a liability of the defendants on the $5,000.00 note already mentioned for which they have a lien superior to the claim of the plaintiff.

The relative rights of the parties in the estate of Smith are comparable to those of competing mortgagees. To the extent found herein the interest of Holden is inferior to that of the defendants. However, the record shows that at one time at least the estate was amply sufficient to pay off the claims of all the parties. What may be the situation today is not shown. It is evident from the record that there are still intact portions of the estate other than the attached property. The trial court, in its memorandum opinion, referred to the property involved in the case of Walker v. Connell, 63 N. D. 622, 249 N. W. 726, and there is clear intimation that the property involved therein belongs to the estate. In that case it would be the property of the defendant Walker. The value of this property she must credit. Doubtless there are other portions of the estate which must be applied on her claim.

The plaintiff is not claiming any interest except in the attached property. If the estate, as it is today, is sufficiently extensive to reimburse the defendants for their claims, without recourse to the attached property, then the defendants are required to satisfy their claims out of that portion of the estate. If the estate, exclusive of the attached property, is not sufficient today to satisfy the claims of the defendants, then they will have recourse to the attached property for the remainder of their claim and the interest of the plaintiff will be subject thereto. If the remainder of the estate satisfies defendants' interests, the plain-

tiff may foreclose his lien on the attached property and any balance therefrom is the property of the defendants.

In the first hearing there was some testimony on the part of the defendant Morris showing some gross receipts from the farms. There was no detailed statement of expenditures. We do not know the status of the estate today. We do not know how many quarter sections of land have been lost through no fault of the defendants, nor do we know what portions have been preserved. If there was net income to the defendant Walker, she should account for it. If she became the owner of the land involved in the case of Walker v. Connell, supra, she must account for this. The case, therefore, is remanded to the trial court with instructions to find the net value of all income from the estate, as received by the defendants, and the net value of the present estate exclusive of the quarters involved in this action. The court will then be in position to determine whether the value of the estate, exclusive of the property involved herein, is sufficient to satisfy the defendants' claims, or whether recourse must be had to the four quarters involved in this action.

BURKE, Ch. J., and NUESSLE, MORRIS and CHRISTIANSON, JJ., concur.

BURR, J. (On petition for rehearing.) The plaintiff, in a petition for rehearing, asserts that this court overlooked evidence which he claims shows that the property coming to the defendant Walker from her mother's estate was paid to her by checks which were endorsed by her, cashed by her in a California bank, and drawn out by her in various amounts over a period of time; and that hence "The record proves conclusively that Mrs. Walker got this money and spent it."

We have not overlooked this testimony for it is contained in the depositions of the defendants; but the record does not sustain this statement.

The record shows positive statements on the part of the defendant Walker that she turned over to her father all of the property received from her mother's estate; and the written agreement entered into by the defendant and her father, at a time when there was no apparent reason for falsifying a record or making misstatements, shows that he

received the money and still owed it to her. It is true that on this hearing an attempt is made by the plaintiff to show that the defendant deposited this money, drew it out of the bank and spent it herself; but this is not substantiated. In this deposition the defendant restates positively that the money coming to her from her mother's estate was given to her father. The record shows a receipt from her to the administrator. That the check from the administrator would be drawn in her favor is apparent, but this does not militate against her statement that she gave the property to her father.

The defendant, at the time the deposition was taken, showed that she had not had a bank account for a couple of years, that the stubs of checks and the bank vouchers had been retained by her for some time and after she had satisfied herself of the correctness of the returns from the bank they were destroyed or thrown away.

Records obtained from a bank or banks showed bank accounts in the name of the defendant Walker. Regular deposits were made from time to time. But the record also shows that during all these years the defendant was engaged in business, was transacting business, and in these transactions she drew checks on the banks where she had accounts. The record also shows that she received stated alimony by check from her husband under the order of the court, and these checks were deposited. She also received five thousand dollars ($5,000.00) as the proceeds of oil wells in the property settlement with her husband. Because checks were drawn on the banks payable from her own private funds does not prove, in the light of these other facts, that her statement and the statement of her father that the money from her mother's estate was turned over to the father and received by him were untrue. The petition for rehearing is denied.

BURKE, Ch. J., and NUESSLE, MORRIS and CHRISTIANSON, JJ., concur.