[File No. 6124.]

EVA S. WALKER, Respondent, v. GRACE LEWIS CONNELL and Merle C. Adams and Mary Adams, Appellants.

(249 N. W. 726.)

Opinion filed July 17, 1933.

*W. M. Anderson* (*John A. Jorgenson,* of counsel), for appellants.
*Traynor & Traynor,* and *F. R. Stevens,* for respondent.

NUESSLE, Ch. J. The defendants are residents of California. On November 1, 1930, defendant Connell executed her promissory note for $3,500, and interest, payable to the plaintiff Walker one year from the date thereof. This note evidenced a debt of many years' standing originally incurred by the defendant Connell to obtain money to protect her title to 520 acres of land in Ramsey county, North Dakota. When the note was executed plaintiff suggested that it be secured by a mortgage on the land in question. Mrs. Connell was reluctant to execute such a mortgage. She said that all the parties had been friends for a good many years; that the plaintiff Walker would get her money so far as the farm could produce it; that she owed no other bills; and that she did not want to mortgage the land if she did not have to. She said, however, that she would consider the matter and talk it over with her son, the defendant Merle C. Adams. However, nothing was done in the way of giving security. On June 12, 1931, Mrs. Connell deeded the land to the defendants Merle C. Adams and Mary Adams, his wife,

for a stated consideration of $10. It is stipulated in the record that the land is worth $5,000. The note in question was not paid. On December 1st plaintiff began this action in Ramsey County to recover on it and the land was attached.

In her complaint in this action plaintiff set out the fact of the execution and delivery of the note and its nonpayment; that she was the owner thereof; that the defendant Connell owned the land in Ramsey County which was later attached; that the indebtedness covered by the note represented money loaned to defendant Connell for the purpose of discharging mortgages thereon; that on June 12, 1931, the defendant Connell fraudulently and without consideration and with intent to cheat and defraud her creditors and to hinder and delay them in the collection of their debts, deeded the said land to the defendants Adams; that the defendants Adams accepted and received the said deed with the knowledge of the fraudulent intent and purpose of the defendant Connell; that the defendant Connell had no other land or property within the state of North Dakota or elsewhere and that such transfer rendered her wholly insolvent. And the plaintiff demanded judgment against the defendant Connell for the amount of the note with interest and costs, and against all of the defendants that the transfer of the said land from the defendant Connell to the defendants Adams be set aside and declared null and void, and that the plaintiff have a first and prior lien on and to the said premises in the amount of said indebtedness by virtue of any attachment that might issue. Plaintiff thereupon procured the issuance of a writ of attachment on the ground that the defendants were nonresidents, and the land was duly attached.

Service was had upon the several defendants and on December 28, 1931, they served their joint answer upon the plaintiff, verified by the defendant Connell, wherein they admitted all of the allegations set out and contained in the plaintiff's complaint, excepting only that they denied that the transfer of the land in question was made with any intent to cheat or defraud any creditor of the defendant Connell or to hinder or delay any creditor in the collection of any debt, and denied that said transaction was conducted fraudulently. In that behalf they alleged that said transaction and conveyance were in good faith and for value. They admitted that the defendant Connell had no other

land or property within the state of `North Dakota or elsewhere out of which the plaintiff could realize on her claim, but denied that the transfer thereof rendered the defendant Connell insolvent. On the 29th of February, 1932, the defendants served their joint amended answer, wherein they reiterated the allegations and denials of their original answer, and further alleged that on the 24th of February, 1931, the defendant Connell filed her voluntary petition in bankruptcy in the District Court of the United States for the Southern District of California, accompanied by duly verified schedules setting out and containing true and correct statements of her debts and the names and residences of her creditors and accurate inventories of all of her property, together with such further statements as were required by the provisions of the Bankruptcy Act; and that on said date she was duly adjudicated a bankrupt; and the defendants demanded that the action either be dismissed or that all proceedings therein be stayed until the final disposition of the bankruptcy proceedings.

Thereafter on the 7th day of March, 1932, the defendants moved that all proceedings in the action be stayed until the final disposition of the bankruptcy proceeding in the United States District Court. This motion was predicated upon the verified amended answer of the defendants and the affidavit of their counsel setting forth substantially the same matters and things as were set out and contained in the answer. Plaintiff resisted this motion and it was denied.

The case came to trial on the issues as made by these pleadings. The plaintiff offered evidence in support of her complaint. The defendants appeared by counsel and objected to the jurisdiction of the court to hear and determine the question on the grounds that the defendant Connell had been adjudicated a bankrupt and that the bankruptcy proceeding was still pending; that such adjudication in bankruptcy had been within less than four months after the date of the attachment; that therefore the attachment had become and was ineffective and null and void; and that accordingly though the transfer was fraudulent, nevertheless the plaintiff was in no position to challenge the same or to maintain her action to set it aside. This objection being overruled counsel for the defendants participated in the trial and cross-examined witnesses, but offered no evidence in defendants' behalf other than by requesting the court to take judicial notice of the bank-

ruptcy proceeding and the files and records therein. Counsel, however, offered no copies thereof other than a copy of the adjudication and order of reference.

The trial judge after considering the evidence offered adhered to his ruling on the challenge to the jurisdiction of the court and to the validity of the lien of the attachment. With respect to the lien of the attachment he held that the provisions of § 67f of the Bankruptcy Act could be invoked only by the trustee of the bankrupt or those claiming under him. On the evidence the court found that the transfer of the land in question was without consideration and with the intent to defraud the grantor's creditors and hinder and delay them in the collection of their debts; that the defendants Adams had knowledge of such facts as to charge them with notice of the fraud and that accordingly the transfer was null and void as against the attaching creditor. Accordingly the trial court ordered judgment that the transfer be set aside; that the plaintiff be held to have a valid lien on and against the land by virtue of the attachment and that her claim be satisfied out of the land, so far as it was possible to do so, but that she have no general personal judgment as against the defendant Connell. Thereupon the defendant perfected the instant appeal.

We will first consider the defendants' contention that, in any event, the evidence is insufficient to sustain the trial court's finding and holding that the transfer was fraudulent as to the plaintiff and that the defendants Adams were chargeable with notice of the fraud. We have examined the record with this contention in mind. We are of the opinion that the evidence amply sustains the trial court in these respects. The debt evidenced by the note in question was of long standing. Concededly the note was past due and unpaid. When it was executed the plaintiff asked for security on the land. Mrs. Connell evaded giving such security but agreed to talk the matter over with her son, the defendant Adams. She said she had no other indebtedness and that this obligation would be paid out of the land. Notwithstanding this assurance she deeded the land to her son and her son's wife by warranty deed. She had no other property in this state or elsewhere. Thus she rendered herself insolvent. It is stipulated that the land thus transferred was worth $5,000. The consideration recited in the deed is $10. Presumptively the consideration thus expressed is that

which was given for the transfer. 18 C. J. 265. The defendants offered no evidence whatsoever other than proof of Mrs. Connell's adjudication as a bankrupt. The facts above stated when considered together with the circumstance that after the instant action was begun the defendant Connell became a voluntary bankrupt, amply sustains the conclusions of the trial court. While there is no direct evidence that the defendants Adams were parties to or had actual knowledge of the fraud on the part of Mrs. Connell, nevertheless the circumstances are such that they must be charged with notice thereof, and actual fraudulent participation on their part was not essential to a holding that the transfer was invalid as to them. See Holden v. Walker, ante, 372, 248 N. W. 318.

The defendants Adams insist that the attachment was ineffectual for the reason that no cause of action is stated in the complaint against them on account of which an attachment may issue. Even so, this avails them nothing. If the attachment was effective as against Mrs. Connell, thereby the court acquired jurisdiction so far as Mrs. Connell's interest in the land was concerned. The defendants Adams appeared and answered. Thus they submitted themselves to the jurisdiction of the court and the action having been tried on its merits and the validity of the transfer having been determined, they are bound by the judgment.

But it is further insisted that under § 67f of the Bankruptcy Act (U. S. C. title 11, § 107 (f)), the lien of the attachment was annulled and discharged when Mrs. Connell was adjudicated a bankrupt within four months after the date of the attachment. If this is so and the attachment was thereby stricken down, then the plaintiff was merely a general contract creditor and not in a position to attack the transfer as fraudulent. See 27 C. J. 474 and 727, et seq., and notes. See also Union Nat. Bank v. Oium, 3 N. D. 193, 54 N. W. 1034, 44 Am. St. Rep. 533. Section 67f of the Bankruptcy Act provides:

"Levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other

lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt."

It must be remembered, however, in considering the effect of this statute here, that the attack on the attachment lien is not made by the trustee in bankruptcy—and so far as the record is concerned there is only the presumption that a trustee was appointed—but by Mrs. Connell and her fraudulent grantees. The property attached was not exempt so no question arises as to whether under this section liens on property exempt to the debtor are annulled by an adjudication. But see Ellis v. Fiske, 60 N. D. 142, 232 N. W. 891, 71 A.L.R. 501, and cases cited therein. See also Chicago, B. & Q. R. Co. v. Hall, 229 U. S. 511, 57 L. ed. 1306, 33 S. Ct. 885, 30 Am. Bankr. Rep. 619. Mrs. Connell stands in this position: She concededly owes the amount of the plaintiff's note and interest. She stated to the plaintiff when she executed the note and plaintiff demanded security, that she owed no other debts. She owned the land subsequently attached by the plaintiff. Without consideration and with intent to defraud the plaintiff she transferred this land to her son and daughter-in-law. When the good faith of this transfer was challenged by the plaintiff in the instant action, she became a voluntary bankrupt. Yet, in her original answer, interposed just prior to the adjudication in bankruptcy, and which she positively verified, she alleged that though she had no other property she was not rendered insolvent by the transfer and was not insolvent at the time of making the answer. While there is a division of authority on the question, it seems to us that the more just rule to apply in such case is that the provisions of section 67f of the Bankruptcy Act with respect to liens obtained prior to an adjudication through legal proceedings on nonexempt property, can be invoked only by the trustee of the bankrupt or those claiming under him. And the logic of the following cases is to this effect. See Neugent Garment Co. v. United States Fidelity & G. Co. 202 Wis. 93, 230 N. W. 69, 231 N. W. 600, 16 Am. Bankr. Rep. (N.S.) 753; Martin v. Green Lake State Bank, 166 Minn. 405, 208 N. W. 21, 7 Am. Bank. Rep. (N.S.) 663; Swaney v. Hasara, 164 Minn. 416, 205 N. W. 274; Miller v. Barto, 247 Ill. 104, 93 N. E. 140; Rochester Lumber Co. v. Locke, 72 N. H. 22, 54 Atl. 705. See also 7 C. J. 197, and cases cited. Such a construction of the statute is wholly consistent with both the holding and the rea-

soning of Chicago, B. & Q. R. Co. v. Hall, supra, cited by the defendants, wherein the court, holding that under § 67f all liens obtained by legal proceedings within four months of filing the petition are annulled "both as against the property which the trustee takes and that which may be set aside to the bankrupt as exempt," said: "This view, we think, is supported both by the language of the section and the general policy of the act, which was intended not only to secure equality among creditors, but for the benefit of the debtor in discharging him from his liabilities and enabling him to start afresh with the property set apart to him as exempt. Both of these objects would be defeated if judgments like this present were not annulled, for otherwise the two Iowa plaintiffs would not only obtain a preference over other creditors, but would take property which it was the purpose of the bankruptcy act to secure to the debtor." It may well be, though we are not called upon to pass upon the question and do not do so, that where, as in the instant case, a creditor successfully challenges the transfer of a bankrupt's property by suit to set it aside, the fruits of his suit can be claimed by the trustee for the benefit of all creditors. But so far as the instant case is concerned it does not appear that there are any other creditors than the plaintiff. And if there be, the question of the right of the plaintiff to retain and enjoy the fruits of the litigation must be determined as between the plaintiff and the trustee. Whatever right or interest Mrs. Connell had in the property became by the adjudication in bankruptcy vested in the trustee. The property was nonexempt. Thereafter she had no further interest in it. She cannot complain because the transfer is set aside and the attaching creditor thus enabled to satisfy his claim out of the property. She is no better than any other stranger and cannot vindicate the rights of the trustee or the other creditors. So far as she is concerned the lien of the attachment is just as effective as though it had been fixed more than four months prior to her adjudication. So far as the defendants Adams are concerned, they can have no complaint. They are not among those whom the Bankruptcy Act was intended to benefit. They are not in a position to object if by reason of the attachment and the judgment in this action the plaintiff enjoys a preference as against other creditors. They paid no consideration for the property and were charged with notice of the

fraud incident to its transfer. Their contentions were rightly determined against them in the trial court.

Considered in the above light the denial of the defendants' motion for a stay of the action because of the pending bankruptcy proceeding was properly denied and the objections predicated upon that ground were likewise correctly overruled. The instant action was begun prior to the filing of the defendant's petition in bankruptcy. Neither the trustee nor anyone claiming under him offered any objection against the trial court's retaining jurisdiction and determining the matters in issue. So far as the defendants were concerned it seems to us that the case must be ruled the same as it would be if the action had been begun and the lien of the attachment had become fixed more than four months prior to the adjudication. In such case the state court has jurisdiction to finally dispose of the litigation. See Straton v. New, 283 U. S. 318, 75 L. ed. 1060, and note, 51 S. Ct. 465; Simons v. Wells (C. C. A. 9th) 65 F. (2d) 673. See also Isaacs v. Hobbs Tie & Timber Co. 282 U. S. 734, 75 L. ed. 645, and note, 51 S. Ct. 270. Because of the pendency of the bankruptcy proceeding no general personal judgment was ordered against the defendant Mrs. Connell. The court merely held that the lien of the attachment was valid and effective as against Mrs. Connell to the same extent that it would have been had it been fixed more than four months prior to her adjudication in bankruptcy, and that plaintiff's claim by reason and to the extent of such lien should be satisfied out of the property.

The judgment is affirmed.

BURKE, BIRDZELL, CHRISTIANSON and BURR, JJ., concur.

Affirmed by United States Supreme Court on certiorari. See 290 U. S. —, 78 L. ed. (Adv. 306), 54 S. Ct. —.