# CONNELL ET AL. *v.* WALKER.

No. 535.   Submitted December 4, 1933.—Decided January 8, 1934.

. 2

*Mr. John A. Jorgenson* was on the brief for petitioners.

*Mr. Paul E. Shorb* was on the brief for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

This case comes here on certiorari to review a judgment of the Supreme Court of North Dakota involving the application of certain provisions of the Bankruptcy Act. The respondent, a creditor of petitioner Connell, brought suit in the District Court of Ramsey County, North Dakota, to set aside, as in fraud of creditors, a conveyance by Connell to the other petitioners of land located in the state. The suit was begun by attachment of the land, and while it was pending in the trial court the petitioners, by a motion for stay of proceedings and by their amended answer, set up that within four months after the attachment petitioner Connell had filed a voluntary petition in bankruptcy in the District Court for Southern California, which had resulted in an adjudication of bankruptcy. It was not shown whether a trustee had been selected. The county court, upon the trial, found that the conveyance was in fraud of creditors and gave judgment for the respondent, which the Supreme Court of the state affirmed, 63 N.D. 622; 249 N.W. 726, directing that the land be sold and the proceeds applied to the satisfaction of the indebtedness to respondent. The relief granted was restricted to the sale of the attached land by a provision of the judgment that it should not be deemed to establish the personal liability of any of the petitioners.

Petitioners argue here, as they did in the state courts, that under § 67 (f) of the Bankruptcy Act, 11 U.S.C.A., § 107 (f), the lien of the attachment upon which the judgment was founded was a nullity because procured when the bankrupt was insolvent and within four months before the filing of the petition in bankruptcy, so that no judgment could be given or enforced against the attached property, and they insist that in any event the state court should have stayed the action until the termination of the bankruptcy proceedings.

We may assume, for present purposes, that the trustee in bankruptcy, if there is one, could have taken and may still take appropriate proceedings to set aside the attachment as invalid under § 67 (f), 11 U.S.C.A. § 107 (f),[1] either by intervention in the action in the state court, as authorized by § 11 (b), 11 U.S.C.A., § 29 (b); see *Lehman, Stern & Co.* v. *S. Gumbel & Co.*, 236 U.S. 448; *Isaacs* v. *Hobbs Tie & Timber Co.*, 282 U.S. 734, or by procuring an order of the bankruptcy court staying any further proceedings by the state court to secure the

---

[1] § 67 (f). "That all levies, judgments, attachments or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid. And the court may order such conveyance as shall be necessary to carry the purposes of this section into effect. Nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment, or other lien, of a bona fide purchaser for value who shall have acquired the same without notice or reasonable cause for inquiry."

benefit of the attachment, *Clarke* v. *Larremore,* 188 U.S. 486; see *Globe Bank* v. *Martin,* 236 U.S. 288; compare *Metcalf* v. *Barker,* 187 U.S. 165; *Straton* v. *New,* 283 U.S. 318, or that he might have avoided the attachment by the assertion of dominion over the property inconsistent with the continued existence of the lien, *Chicago B. & Q. R. Co.* v. *Hall,* 229 U.S. 511. But § 67 (f) also extends to the trustee the privilege of procuring an order of the bankruptcy court directing that the right under the lien of attachment be preserved for the benefit of the bankrupt's estate, and to secure its benefits he may, as provided in § 67 (c), be subrogated to all the rights of the lienor. See *Rock Island Plow Co.* v. *Reardon,* 222 U.S. 354; *Miller* v. *New Orleans Acid & F. Co.,* 211 U.S. 496, 505; *First National Bank* v. *Staake,* 202 U.S. 141.

Here the trustee, if any, is not a party to the suit and he is not shown to have made the election with respect to the attachment lien for which § 67 (f) provides. This privilege is one of substance, see *Rock Island Plow Co.* v. *Reardon, supra,* and the statute gives it to the trustee, not to the bankrupt or his creditors. A judgment of dismissal, as prayed by the petitioners, would have dissolved the attachment and thus would have enabled the bankrupt to cut off the privilege reserved to the trustee to preserve it. We do not think the statute can be construed to require that result.

Petitioners place reliance upon the language of the opinions in *Lehman, Stern & Co.* v. *Gumbel & Co., supra,* and in *Chicago, B. & Q. R. Co.* v. *Hall, supra,* which state in the broad words of the statute that liens acquired within four months of the filing of the petition are " void." But in the one case the receiver, by his intervention in the action in the state court, and in the other the trustee, by appropriate action taken in the bankruptcy court, had asserted the invalidity of the lien acquired by the local suit. In neither does the decision militate against the

conclusion which we reach here, that the bankrupt alone can not invoke a judgment which would preclude the exercise of the privilege reserved to the trustee to assert rights under the lien.

Bankruptcy proceedings do not, merely by virtue of their maintenance, terminate an action already pending in a non-bankruptcy court, to which the bankrupt is a party. *Pickens* v. *Roy*, 187 U.S. 177; *Jones* v. *Springer*, 226 U.S. 148; *Straton* v. *New, supra.* This is obviously the case where the suit like the present one is brought by a creditor to set aside a fraudulent conveyance of the bankrupt, made more than four months before the petition in bankruptcy. The right asserted is one given the creditor by state law which the Bankruptcy Act withdraws from him only upon the election of the trustee to assert the rights of the creditor, as he is privileged to do by § 70 (e), 11 U.S.C.A. § 110 (e), an election, which, in this case, does not appear to have been made. Compare *Sparhawk* v. *Yerkes*, 142 U.S. 1; *Dushane* v. *Beall*, 161 U.S. 513; *First National Bank* v. *Lasater*, 196 U.S. 115; *American Exchange Bank* v. *Goetz*, 283 Fed. 900; *Laughlin* v. *Calumet & Chicago Canal & Dock Co.*, 65 Fed. 441; and cf. *Thomas* v. *Sugarman*, 218 U.S. 129. Upon this record no case is made entitling the petitioners, under any provision of the Bankruptcy Act, to a judgment of dismissal.

The question remains whether, the trustee having failed to assert any rights with respect to the pending action, the state court was required to stay it by any provision or necessary implication of the Bankruptcy Act. We find it unnecessary to decide whether § 11 (a), 11 U.S.C.A. § 29 (a), authorizing a stay of certain suits pending against a bankrupt,[2] lays down a rule for non-bankruptcy

[2] § 11 (a). "A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until

as well as bankruptcy courts,[3] or whether it is applicable to suits like the present one [4] or whether the bankrupt may invoke its provisions.[5]   For, if applicable here, the authority given by that section to stay pending suits after adjudication, which has taken place here, is not mandatory, but permissive, to be exercised in the sound discretion of the court.   There is no suggestion that there was any abuse of discretion by the state court in refusing to stay its hand on the bare showing by the fraudulent bankrupt that there had been an adjudication in bankruptcy. It does not appear that there is any creditor other than respondent, or that the trustee had not been advised of the suit, or that the bankrupt could not, by giving notice to the trustee, have afforded the trustee ample opportunity to assert his rights if there were other creditors to protect.   On the other hand, if § 11 (a) does not apply, but if it be assumed that the general scheme of the Act implies some duty of the state court to preserve the estate until opportunity is given the bankruptcy court to assert its jurisdiction, see *Acme Harvester Co.* v. *Beekman Lumber Co.,* 222 U.S. 300, 308; *In re Moore,* 42 F. (2d) 475, 478, still the petitioners have failed to show that there has been no such opportunity.

*Affirmed.*

---

after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined. . . ."

[3] See *Smith* v. *Miller,* 226 Mass. 187; 115 N.E. 243; *Star Braiding Co.* v. *Stienen Dyeing Co.,* 44 R.I. 8; 114 Atl. 129; Collier, Bankruptcy (13th ed.), 414.

[4] Cf. *Hill* v. *Harding,* 107 U.S. 631; but cf. Remington, Bankruptcy (4th ed.), § 3491.

[5] See *In re Geister,* 97 Fed. 322.