THE LONG & ALLSTATTER CO. *v.* WILLIS.

(Decided January 29, 1934.)

*Messrs. Williams, Sohngen, Fitton & Pierce, Messrs. Pogue, Hoffheimer & Pogue* and *Messrs. Harmon, Colston, Goldsmith & Hoadly,* for plaintiff in error.

*Mr. Coleman Avery, Mr. Daniel Iddings* and *Mr. Robert Bierne,* for defendant in error.

RICHARDS, J., of the Sixth Appellate District, sitting by designation.

This is a proceeding in error to the Court of Common Pleas of Hamilton county.

A motion to dismiss the petition in error was filed, first, upon the ground that there had been a want of prosecution under Rule VIII of this court, briefs of

plaintiff in error not having been filed within fifteen days. The enforcement of the rule always rests in the sound discretion of the court. There is no such showing of prejudice to the interests of the litigants in this case as would warrant undue harshness in its enforcement.

The second ground of the motion is that the present plaintiff in error, being now adjudicated a bankrupt, is not the real party in interest and has no authority to prosecute error in this proceeding.

According to statements of counsel adjudication was had on April 4, 1933, and long before such judgment the trustee could have intervened. He did not do so and must be taken to have declined so to do. The judgment complained of was entered August 2, 1933.

Section 29, Title 11, U. S. Code, provides in part as follows:

"A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined."

The trustee may become the real party in interest by intervening. Until he does so there is nothing in either federal or state law to prevent the bankrupt from proceeding to protect his rights. The fact that the trustee may avail himself of the bankrupt's success does not change the situation. Real party in interest within the meaning of Section 11241, General Code, means one who is solely interested to the exclusion of the party prosecuting the action.

*Hill* v. *Harding*, 131 U. S. Appx., cc, 26 L. Ed., 310; *Boynton* v. *Ball*, 121 U. S., 457, 7 S. Ct., 981, 30

L. Ed., 985; *In re Vadner,* 259 F., 614; 5 Remington on Bankruptcy, 201 *et seq.,* Section 2119 *et seq.*

See, also, *Connell* v. *Walker,* 291 U. S., 1, 54 S. Ct., 257, 78 L. Ed.; 613.

The third ground of the motion is that the order complained of is not a final order.

Judgment was taken against the plaintiff in error. Execution was issued upon certain property of plaintiff in error, and a levy made. A dispute arose as to what was real property and what was personal property. The court, on April 26, 1933, appointed a referee to determine this question. On August 2, 1933, the court in an entry, among other things, overruled a motion of the plaintiff in error to set aside the order appointing the referee. This is the so-called final order, to which the petition in error in this cause is addressed. Obviously such action by the court is merely an interlocutory matter. It, at most, is an order overruling a motion to set aside what may or may not be a final order.

Error can not be predicated upon such an order.

The motion to dismiss the petition in error is granted.

*Petition in error dismissed.*

HAMILTON and ROSS, JJ., concur.