[File No. 6502.]

NORTHWESTERN NATIONAL BANK & TRUST COMPANY OF MINNEAPOLIS, a Corporation, Respondent, v. GEORGE W. PIERCE et al.

EDWARD E. CONNELL, Appellant.

(277 N. W. 501, — A.L.R. —.)

Opinion filed November 27, 1937.   On Rehearing February 12, 1938.

*Sinness & Duffy (John A. Jorgenson* of counsel) for appellant.

*Traynor & Traynor* and *F. R. Stevens,* for respondent.

MORRIS, J. This is an appeal by the defendant, Edward Connell, who is the husband of Grace Connell, from a judgment of the district court quieting title in the plaintiff to certain lands situated in Ramsey

county. The title claims of the respective parties develop from these facts. On June 12, 1931, Grace Connell, then the owner of the property in dispute, executed a warranty deed in which the appellant joined conveying to Merle C. Adams and Mary Adams, his wife, the property herein involved. On December 1, 1931, Eva S. Walker (through whom the plaintiff claims title) commenced an action against Grace Connell to recover the sum of $3500.00 and to set aside the above mentioned deed as fraudulent, and on the same day caused an attachment to be levied upon the land. On February 19, 1932, Grace Connell filed her petition in bankruptcy in the United States District Court for the District of Southern California. The trustee appointed in the bankruptcy proceedings did not appear in or seek to enjoin further proceedings in the attachment action, nor did he seek to take possession or exercise any dominion over the land that had been levied upon. The bankrupt moved in the state court for a stay of all proceedings in the attachment action until the final disposition of the bankruptcy matter, which motion was denied. The court entered a judgment in favor of Eva S. Walker in the attachment action and fixed a lien on the land as of the date of the attachment. From this judgment the bankrupt appealed without avail to the Supreme Court of the State of North Dakota (Walker v. Connell, 63 N. D. 622, 249 N. W. 726), and to the Supreme Court of the United States (291 U. S. 1, 78 L. ed. 613, 54 S. Ct. 257, 24 Am. Bankr. Rep. (N. S.) 229). The bankrupt did not claim the property as exempt. The property was sold pursuant to the judgment by the sheriff of Ramsey county on July 30, 1932 to Eva S. Walker for the sum of $3992.89, who assigned the sheriff's certificate of sale to the plaintiff in this action, to whom a sheriff's deed was issued on August 3, 1933. The trustee in bankruptcy sold all of the right, title, and interest of the bankrupt estate in the premises to the appellant for $201.00. The sale was confirmed by the bankruptcy court on September 2, 1932. Neither the trustee nor the appellant herein sought to appear in or interfere with the proceedings in the attachment action prior to the issuance of the sheriff's deed although both had actual as well as constructive notice of the attachment while the action was pending.

The trustee was never at any time in actual or constructive possession of the land. The deed from the bankrupt was executed and de-

livered more than four months prior to the adjudication in bankruptcy. It was shown to be fraudulent in the attachment action and was set aside by the judgment of the state court, and the land sold to satisfy the attachment lien. The trustee undoubtedly had a right to contest the validity of the attachment lien for the purpose of having it declared void as against him as a representative of the creditors of the bankrupt or for the purpose of having the lien preserved for the benefit of the estate. He did neither. The lien was permitted to stand without any effort on the part of the trustee to have it set aside or to be subrogated to it.

"A trustee seeking to have declared void, under subdivision f of § 67 [11 U. S. C. A. § 107 (f)] a lien obtained through legal proceedings, and to recover possession of property, may be confronted with an adverse claim upon several grounds. It may be asserted that the lien attacked is of a character different from those provided for in that subdivision. Or, although the lien (e. g., that obtained by levy of execution) is clearly one to which subdivision f applies, that it is valid by reason of other facts. For the statute does not, as a matter of substantive law, declare void every lien obtained through legal proceedings within four months of the filing of the petition in bankruptcy. The lien may be valid, because the debtor was, in fact, solvent at the time the levy was made. Or, although the debtor was then insolvent, because the property had passed into the hands of a bona fide purchaser. Or, although the debtor was then insolvent and the levy was made within the four months, because inchoate rights by way of lien had been acquired earlier. As the establishment of any one of these facts would bar recovery by the trustee, their assertion presents a judicial question." Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 68 L. ed. 770, 44 S. Ct. 396, 2 Am. Bankr. Rep. (N. S.) 912.

In the case of Connell v. Walker, 291 U. S. 1, 78 L. ed. 613, 54 S. Ct. 257, 24 Am. Bankr. Rep. (N. S.) 229, in which the Supreme Court of the United States reviewed the judgment of the state court upon an appeal by the bankrupt, it was said:

"Bankruptcy proceedings do not, merely by virtue of their maintenance, terminate an action already pending in a non-bankruptcy court, to which the bankrupt is a party. Pickens v. Roy, 187 U. S. 177, 47 L. ed. 128, 23 S. Ct. 78, 9 Am. Bankr. Rep. 47; Jones v. Springer,

226 U. S. 148, 57 L. ed. 161, 33 S. Ct. 64, 29 Am. Bankr. Rep. 204; Straton v. New, 283 U. S. 318, 75 L. ed. 1060, 51 S. Ct. 465, 17 Am. Bankr. Rep. (N. S.) 630. This is obviously the case where the suit like the present one is brought by a creditor to set aside a fraudulent conveyance of the bankrupt, made more than four months before the petition in bankruptcy. The right asserted is one given the creditor by state law which the Bankruptcy Act withdraws from him only upon the election of the trustee to assert the rights of the creditor, as he is privileged to do by § 70 (e), 11 U. S. C. A. § 110 (e), an election, which, in this case, does not appear to have been made. (Citations omitted.) Upon this record no case is made entitling the petitioners, under any provision of the Bankruptcy Act, to a judgment of dismissal.

"The question remains whether, the trustee having failed to assert any rights with respect to the pending action, the state court was required to stay it by any provision or necessary implication of the Bankruptcy Act. We find it unnecessary to decide whether § 11 (a), 11 U. S. C. A. § 29 (a), authorizing a stay of certain suits pending against a bankrupt, lays down a rule for non-bankruptcy as well as bankruptcy courts, or whether it is applicable to suits like the present one or whether the bankrupt may invoke its provisions. For, if applicable here, the authority given by that section to stay pending suits after adjudication, which has taken place here, is not mandatory, but permissive, to be exercised in the sound discretion of the court. There is no suggestion that there was any abuse of discretion by the state court in refusing to stay its hand on the bare showing by the fraudulent bankrupt that there had been an adjudication in bankruptcy."

Liens obtained through legal proceedings within four months prior to an adjudication in bankruptcy are not void, but are voidable in a proper suit. W. F. Pigg & Son v. United States (C. C. A. 10th) 81 F. (2d) 334, 30 Am. Bankr. Rep. (N. S.) 473.

The appellant argues that a trustee in bankruptcy was appointed and qualified and that he asserted dominion over the property inconsistent with the continued existence of the lien by his sale of the property to the appellant which was confirmed by the bankruptcy court and that the lien was thereby invalidated. This procedure on the part of the trustee and the bankruptcy court does not amount to an attack

upon the lien, and even if it were intended as such it would not affect the attachment lien or the proceedings in the state court. Under the facts here presented, the bankruptcy court had no power to summarily declare the attachment lien invalid. The steps taken do not even amount to such a summary declaration of invalidity. At the most they could, only by inference, be considered to show that the bankruptcy court and the trustee treated the lien as invalid. The case of Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 68 L. ed. 770, 44 S. Ct. 396, 2 Am. Bankr. Rep. (N. S.) 912, supra, disposes of appellant's contention. In that case the facts are strikingly similar to those which we are considering, except that there the bankruptcy referee made an order requiring the sheriff to deliver to the trustee money attached in a suit against the bankrupt in a state court within four months prior to the adjudication, while in this case no such order was made in the bankruptcy proceedings, and no application was made by the trustee to the state court for the dismissal of the attachment or to intervene in the state court in any manner. We quote further from the opinion in Taubel-Scott-Kitzmiller Co. v. Fox, supra: "In this case, the sheriff had, before the filing of the petition in bankruptcy, taken exclusive possession and control of the property; and he had retained such possession and control after adjudication and the appointment of the trustees. The bankruptcy court, therefore, did not have actual possession of the res. The adverse claim of the judgment creditor was a substantial one. The bankruptcy court, therefore, did not have constructive possession of the res. Neither the judgment creditor, nor the sheriff, had become a party to the bankruptcy proceedings. There was no consent to the adjudication by the bankruptcy court of the adverse claim. The objection to the jurisdiction was seasonably made and was insisted upon throughout. The bankruptcy court, therefore, did not acquire jurisdiction over the controversy in summary proceedings. Nor did it otherwise."

Since the bankruptcy court could not summarily adjudicate the invalidity of the attachment lien, the fact that the trustee ignoring all of the proceedings in the state court sold the interest of the bankrupt and the bankrupt estate in the property and procured an order from the bankruptcy court confirming the sale, had no effect whatever upon the validity of the attachment lien or the proceedings had in the state

court. Any title conveyed by the trustee is subject to the title acquired through a sale had pursuant to proceedings in the state court. Those proceedings having been permitted to become final, the purchaser from the trustee cannot now assert title to the premises.

The appellant also argues that the trustee, upon the adjudication, became subrogated to the rights of the attachment creditor in the property and that such right passed to the trustee and through him by his sale to the appellant, and that the lien having, in effect, passed to the trustee, the lien was preserved for the benefit of the estate and the original attaching creditor could not proceed to a valid sale in the state court. This contention fails because the lien was never determined to be invalid as against the trustee and until such invalidity is determined in a proper action or by an admission on the part of the attachment creditor, no right of subrogation is established. The trustee not being subrogated to the attachment lien obtained no right in the property by virtue of the lien. The appellant being the purchaser from the trustee is in no better position than his vendor.

The appellant also seeks to invoke provisions of that part of § 67 (c) (11 U. S. C. A. § 107 (c)), of the Bankruptcy Act which reads: "A lien created by or obtained in or pursuant to any suit or proceeding at law or in equity, including an attachment upon mesne process or a judgment by confession, which was begun against a person within four months before the filing of a petition in bankruptcy by or against such person shall be dissolved by the adjudication of such person to be a bankrupt if (1) it appears that said lien was obtained and permitted while the defendant was insolvent and that its existence and enforcement will work a preference. . . ."

The same reasoning which applies to the assertion that the lien is invalid under the provisions of subdivision f of § 67 also applies to the assertion that the lien is dissolved by the adjudication under subdivision c. The lien is not dissolved in the absence of a proper adjudication establishing its dissolution, or an admission thereof on the part of the attachment creditor.

It will be noted that both subdivisions c and f or § 67 insofar as they are applicable to this case refer to the lien. The trustee and his vendee, this appellant, having failed to cause the question of the invalidity of the lien to be adjudicated, and having permitted the pro-

ceedings in the state court to continue to judgment, sale, and deed, cannot now assert the invalidity of the lien. There is now no attachment lien. It has been merged in the judgment lien which in turn has been satisfied by sale of the property through which a deed thereto was ultimately issued. The appellant cannot go back and have declared invalid not only the attachment lien, but the judgment lien, the sale, and the deed.

Affirmed.

CHRISTIANSON, Ch. J., and BURR and NUESSLE, JJ., concur.

MORRIS, J. (On Rehearing). After a consideration of the petition for rehearing, the arguments presented on rehearing, and a reconsideration of the briefs, we adhere to our former opinion.

CHRISTIANSON, Ch. J., and BURR, NUESSLE, and SATHRE, JJ., concur.