**In re GRAVES' ESTATE.**

No. 3753.

District Court, W. D. Kentucky.

June 2, 1939.

McMurry, Katterjohn & Reed, of Paducah, Ky., for Harry Hester, mechanic lienholder.

Albert Karnes and T. S. Waller, both of Paducah, Ky., for Egyptian Supply Co.

MILLER, District Judge.

This matter is before me on the petition for review of an order of the Referee in Bankruptcy, filed by the Egyptian Supply Company, an attaching creditor, whose at-

tachment lien was dissolved by the Referee's ruling.

The Egyptian Supply Company filed suit in the McCracken Circuit Court against R. W. Graves on September 12, 1938, seeking judgment for $1988.97, in which action an attachment was immediately levied on real estate in Paducah, Kentucky, owned by Graves. During the month of September and after the levy of the attachment various parties who claimed mechanics' liens against the real estate in question under Section 2463 of the Kentucky Statutes perfected their liens by filing the necessary statements in the office of the County Court Clerk of McCracken County. No notice of intention to claim such a lien had been previously filed. Graves was adjudicated a bankrupt on November 7, 1938. The Egyptian Supply Company claimed a first lien against the real estate, the priority and validity of which were both contested by some of the mechanic lien holders, who also petitioned the Court to sell the real estate for the purpose of satisfying the liens claimed by the mechanic lien holders. The Referee entered an order dissolving the attachment lien of the Egyptian Supply Company and ordered the real estate sold. It appears that the appraised value of the real estate is less than the total amount of the claims of the mechanic lien holders. The Egyptian Supply Company has filed its petition for a review of this order.

■ It is contended by the mechanic lien holders that the attachment lien of the Egyptian Supply Company falls within the following provisions of Section 67a(1) of the Bankruptcy Act as amended June 22, 1938—U.S.C.A., Title 11, Section 107(a) (1). "Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition in bankruptcy or of an original petition under chapter 10, 11, 12, or 13 of this Act [title] by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent or (b) * * *."

The attachment lien was obtained within the four months' period before the filing of the petition in bankruptcy. However, such facts do not automatically dissolve the attachment. In order to do so it is necessary that it be shown in a proper proceeding by the Trustee that the debtor was insolvent at the time when the attachment lien was obtained. Insolvency prior to adjudication in bankruptcy is not presumed from the act of adjudication. The burden of proof rests upon the Trustee to show such insolvency, which burden has not yet been met in the present case. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770; Liberty National Bank v. Bear, 265 U.S. 365, 44 S.Ct. 499, 68 L.Ed. 1057.

Although Section 67a(1) does not specifically so state, yet it appears to be the proper construction of the section that such proceedings be instituted and prosecuted by the Trustee. Section 67f of the Act before the 1938 Amendment, which corresponds to the present Section 67a (1), seems to have been so construed. Connell v. Walker, 291 U.S. 1, 54 S.Ct. 257, 78 L.Ed. 613. In addition, Section 67a (3) of the Act as now amended provides that instead of declaring the lien null and void "the court may on due notice order any such lien to be preserved for the benefit of the estate." This makes it optional with the Trustee to ask that it be dissolved or that it be preserved for the benefit of the estate. In the present case the Trustee has not asked that the lien be either dissolved or preserved. The motion of another lien claimant that the attachment lien be dissolved should not be sustained in the absence of at least concurring action on the part of the Trustee thus indicating his intention not to preserve the lien for the benefit of the estate.

Unless the attachment lien is to be preserved for the benefit of the estate it is doubtful if the real estate should be sold by the Trustee, as there appears to be no equity in the property for general creditors. Although no motion has been made by the Trustee to preserve the lien, yet counsel for the Egyptian Supply Company, in his brief, vigorously urges that the Trustee be directed to take such action.

■ The right of the Court to preserve such a lien for the benefit of the estate is within the discretion of the Court, and the Court should make such an order only where it is consistent with all of the provisions of the bankruptcy law and the principles of equity. Such an order should not be made merely for the purpose of displacing or defeating another lawful lien. The Circuit Court of Appeals for the Eighth Circuit has stated the rule very

well in its opinion in First National Bank v. Live Stock National Bank, 31 F.2d 416, 418, where it spoke as follows:

"But, if it be conceded that the attachment lien was in such a shape at the time the bankruptcy proceedings were instituted as to be preserved by an order of the bankruptcy court, it does not necessarily follow that the court had under all conditions to preserve that lien for the benefit of the estate. A certain discretion was allowed it in passing upon this question. The statute says (section 67f): 'Unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved by the trustee for the benefit of the estate.' This language certainly does not mean that the right to have a lien preserved for the benefit of the estate is absolute. It means that such an order ought to be made only when it is consistent with all the provisions of the bankruptcy law and with the principles of equity. Courts of bankruptcy are governed by equitable principles. * * *

"The whole purpose of the Bankruptcy Act is to protect against preferences and frauds, and not to defraud one who, in good faith, has advanced or loaned money on security to one who was insolvent at the time of the transaction, or later became so, and went into bankruptcy. Section 60b of the Bankruptcy Act (11 U.S.C.A. § 96) expresses this purpose so clearly as to leave no doubt in the mind of any one. First National Bank v. Staake, 202 U.S. 141, 26 S.Ct. 580, 50 L.Ed. 967; Rock Island Plow Co. v. Reardon, 222 U.S. 354, 32 S. Ct. 164, 56 L.Ed. 231."

In determining in the present case whether or not it would be consistent with equitable principles to preserve the lien for the benefit of the estate it is helpful to enquire as to the priority of liens if bankruptcy had not occurred within the four months' period. Section 2463 of the Kentucky Statutes provides in substance that a person who performs labor or furnishes material in the erection or repairing of any building under contract with the owner shall have a lien against the real estate so improved, which lien shall be superior to any mortgage or encumbrance created subsequent to the beginning of the labor or the furnishing of the material, and if asserted as therein provided shall relate back and take effect from the time of the commencement of the labor or the furnishing of the materials; provided,

however, "That such lien shall not take precedence of a mortgage or other contract, lien or bona fide conveyance for value without notice, duly recorded or lodged for record according to law. * * *"

It is contended by the mechanic lien holders that their lien is superior under this Section of the Statutes to the attachment lien in that the attachment lien is not a lien "for value" as provided by the statute. The Egyptian Supply Company claims that the phrase "for value" refers only to a "conveyance" as stated in the statute and does not qualify the word "lien", and, secondly, even though the phrase "for value" should qualify the word "lien" it does not mean for present value or present consideration. If either one of its contentions is correct then its attachment lien would prevail. However, if the Statute means that a lien must be one for present value or consideration then the mechanic liens would prevail. There appears to be no decision from the Kentucky Court of Appeals passing on this precise question. The general rule of statutory construction is that when several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all. See Porto Rico Railway, Light & Power Company v. Adalberto Diaz Mor, 253 U.S. 345, 40 S.Ct. 516, 64 L.Ed. 944. Section 2463 as originally enacted did not contain the proviso quoted above, and accordingly mortgagees and grantees for value without notice took subject to the subsequent assertion of a mechanic's lien. See Norton & Son's Assignee, v. Hope Milling, Mining & Lumber Company 101 Ky. 223, 40 S.W. 688; Finck & Schmidt Lumber Company v. Mehler, etc., 102 Ky. 111, 43 S.W. 403, 766. The Amendment of 1896, Acts Ky.1896, c. 29, which added the proviso above quoted was evidently intended to correct such a situation. Accordingly, it would seem that the purpose of the Legislature was to protect parties who advanced credit to the owner of real estate and who secured a lien at the time to protect the obligation. Viewed in this light, the statute would protect only such a party as secures a lien for a present consideration. This view seems to be in accord with the opinion of the Kentucky Court of Appeals in its decision in Kentucky Lumber & Mill Work Company v. Kentucky Title Savings Bank & Trust

Company, 184 Ky. 244, 211 S.W. 765, 5 A. L.R. 391, in which case a mortgage to secure future advances, which had been properly recorded, was only protected to the extent that advances had been actually made before receiving notice, and was not preferred as to advances subsequently made under the existing commitment. Accordingly, it is the view of this Court that the mechanic liens would have priority over the attachment lien, if bankruptcy had not occurred, in that the attachment lien is not a lien for value as required by Section 2463 of the Kentucky Statutes. In line with this construction of the Kentucky Statutes, there is no equitable reason for preserving the attachment lien as it would merely result in giving the attaching creditor an interest in the property which he would not have if bankruptcy had not occurred. Its rights are no greater in bankruptcy, and are possibly less, in that its lien is subject to being dissolved entirely by reason of Section 67a (1) of the Bankruptcy Act. If not dissolved, this Court considers it junior to the mechanic liens.

The order of the Referee should be set aside and the case referred back to the Trustee for further proceedings consistent with this opinion.