**In re MICHAEL.**

No. 20507.

District Court, W. D. Pennsylvania.

Dec. 6, 1939.

Watson B. Adair, of Pittsburgh, Pa., referee.

Sachs & Caplan, of Pittsburgh, Pa., for trustee Martin C. Baer.

Louis Greenberg, of Pittsburgh, Pa., for bankrupt.

Chas. S. Weintraub, of Canton, Ohio, for Martha Michael.

## SCHOONMAKER, Judge.

The trustee in bankruptcy has filed a petition asking the court to stay further proceedings in an action brought in the Court of Common Pleas of Stark County, Ohio, on February 1, 1938, by Martha Michael against Louis F. Michael, the bankrupt, and his wife, Ethel Michael, in which the plaintiff is seeking to set aside as fraudulent, a certain conveyance of real estate located in Ohio by bankrupt to his wife, and to impress that real estate with the lien of a judgment against the bankrupt recovered in the Court of Common Pleas of Allegheny County, Pennsylvania, in order to enable the trustee to bring suit on the same cause of action in this jurisdiction where the parties and witnesses all reside.

The trustee's petition sets forth the following facts which are not denied by answer: "2. At the time of the filing of the petition in bankruptcy herein, a suit was pending in the Court of Common Pleas of Stark County, Ohio, at No. 180-77504, entitled Martha Michael vs. Louis F. Michael, a. k. a. Louis F. Michel and Ethel Michael, a. k. a. Ethel Michel, in which action the plaintiff, Martha Michael, a sister-in-law of the bankrupt herein, is seeking to have set aside a conveyance made on the 4th day of May, 1937, by Louis F. Michael, the bankrupt herein, to Ethel Michael, his wife, of certain real estate, to wit, lot 5803 of the lots of the City of Canton, Stark County, Ohio, on the ground that said conveyance was made by the bankrupt with the intent of defrauding his creditors, and to impress a judgment against said property in favor of the plaintiff in the amount of $6,381.20, with interest at 6% from the 8th day of May, 1936, on the basis of a judgment secured by the plaintiff against the said bankrupt, Louis F. Michael, in the Court of Common Pleas of Allegheny County, Pennsylvania, at D. S. B. 836 July Term 1936."

Although Martha Michael filed no answer herein, her counsel appeared and opposed the petition to stay, on the ground that the Ohio court had obtained jurisdiction of the subject-matter prior to bankruptcy, and should be allowed to proceed; otherwise Martha Michael would lose her claimed lien on the Ohio real estate by virtue of filing her suit there. In connection with this brief, counsel for Martha Michael has presented a certified transcript of the proceedings in the Ohio case, which we direct to be filed herein. By that record, it seems that the trustee in bankruptcy has entered an appearance in the Ohio case, though he has not been formally made a party thereto. By that transcript, it also appears that the plaintiff, Martha Michael, is seeking to recover judgment in Ohio on a judgment entered in the Court of Common Pleas of Allegheny County, Pennsylvania, against said Louis F. Michael, at the July Term of 1936 of said court for the sum of $6381.20, and to set aside as fraudulent a conveyance of real estate located in Ohio from said Louis F. Michael to Ethel Michael, his wife, made on November 4, 1937. The complaint in that case contains the following prayer for relief: " * * * plaintiff prays judgment against the said Louis F. Michael, for the said sum of $6381.20, together with interest thereon at the rate of 6% per annum from the 8th day of May, 1936, and the costs herein made, and that said conveyance be set aside and said property be administered for the benefit of creditors of the said Louis F. Michael and for the benefit of said plaintiff."

The plaintiff, Martha Michael, is therefore not a judgment-creditor having a lien under the Ohio law against real estate in Ohio. She is seeking to recover judgment in Ohio on the Pennsylvania judgment, and to impress the Ohio real estate with a lien of the Pennsylvania judgment from the date of filing her Ohio suit, which was February 1, 1938.

In our opinion, any judgment rendered in the Ohio suit would be void under Section 67, sub. a(1) of the Chandler Bankruptcy Act, 11 U.S.C.A. § 107, sub. a(1), because bankruptcy has intervened. As

we understand the Ohio law, judgment-liens in that state are purely of statutory creation. See Stanton v. Keyes, 14 Ohio St. 443. The plaintiff has no judgment in Ohio. She is therefore not a judgment-creditor under the Ohio law. The mere bringing of a suit by a creditor in Ohio does not create a lien on Ohio real estate. See Huwe v. Knecht, 10 Ohio App. 487, 497.

We therefore conclude that Martha Michael could not secure a lien on the Ohio real estate merely by bringing her suit in Ohio. While bankruptcy proceedings do not, merely by virtue of their maintenance, terminate an action already pending in a non-bankruptcy court to which the bankrupt is a party (Pickens v. Roy, 187 U.S. 177, 23 S.Ct. 78, 47 L.Ed. 128; Jones v. Springer, 226 U.S. 148, 33 S.Ct. 64, 57 L.Ed. 161; Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060; Connell v. Walker, 291 U.S. 1, 5, 54 S.Ct. 257, 78 L.Ed. 613); yet, the Bankruptcy Act, Section 70, sub. e, 11 U.S.C.A. § 110, sub. e, gives the right to the trustee to avoid any fraudulent transfer of property by the bankrupt which any creditor might have avoided. See Connell v. Walker, 291 U.S. 1, 5, 54 S.Ct. 257, 78 L.Ed. 613. That right the trustee in the instant case is electing to pursue, as evidenced by his petition to stay further proceedings by Martha Michael in the Ohio case. That petition will be granted.

An order may be submitted accordingly.