HOOD, Judge.
This is a suit for a sum of money alleged to be due on an open account. The trial court rendered judgment in favor of plaintiff for the amount claimed, and defendant has appealed from that judgment.
The day before this case was scheduled for argument before us, we received a telegram from counsel for defendant advising that “W. H. Skinner has taken bankruptcy. Consider this formal notice.” On the following day, just prior to the time the case was called, we received a letter from counsel for defendant confirming the telegram and stating that, “under the circumstances, I desire to tender the matter to the court on the record as it stands following the filing of this pleading.” Accompanying the letter was a formal pleading in which defendant alleged merely that “he has this day voluntarily filed a petition in bankruptcy in the United States District Court, Western District of Louisiana, Shreveport Division.” No certificate or evidence of any kind as to the filing or status of the bankruptcy proceedings was presented, no stay order from the United States District Court was presented, and appellant does not request, either by letter or by formal pleadings, that we stay this appeal pending the adjudication in bankruptcy or dismissal of the bankruptcy proceedings.
When the case was called for argument before us, no appearances were made by counsel for either party, and no briefs were filed. Under Rule VII, Section 4(b), of our rules, we could consider the appeal as having been abandoned and dismiss it. In view of the fact that a formal pleading was filed on the day the matter came up for argument, however, we have decided to examine the record and render judgment on the merits of the case.
In his written reasons for judgment, the trial judge stated:
*218 “On the merits of the case, it is simply a suit on an open account for tires and tubes sold and delivered to the defendant, and the correctness of said account was testified to by the plaintiff and there was introduced in evidence a signed purchase order for the merchandise, as will appear from the document marked P-1. No other defense was raised by the answer other than a general denial; and, of course, the proof was conclusive that the plaintiff should recover for the amount sued for, with interest and costs. Judgment was rendered accordingly.”
The evidence amply supports plaintiff’s claim, and the trial judge correctly rendered judgment in favor of plaintiff.
The mere fact that voluntary bankruptcy proceedings instituted by defendant-appellant may have been pending in the United States District Court on the day this case was submitted to us, does not have the effect of ousting this court of jurisdiction in the instant case, in the absence of an order of the bankruptcy court restraining the prosecution of suits against the bankrupt, as authorized by the Bankruptcy Act, 11 U.S.C.A. § 29; Lorino v. Charles Rowe Co., La.App.1950, 48 So.2d 103. Since no such injunction or stay order has been issued by the bankruptcy court, and none is sought here, this court is not deprived of jurisdiction in this case, and the action may proceed to final judgment. 8 C.J.S. Bankruptcy §§ 490 and 491; 6 Am.Jur,(Rev.Ed.) Bankruptcy, Sec. 295; Connell v. Walker, 1934, 291 U.S. 1, 54 S.Ct. 257, 78 L.Ed. 613; United States v. Paddock, 5 Cir., 1950, 180 F.2d 121; County Board of Arlington County v. Kent Stores, 1955, 196 Va. 929, 86 S.E.2d 44; Smith v. Hayes, Ohio Com.Pl.1955, 133 N.E.2d 443; Beach Resort Hotel Corp. v. Wieder, Fla.1956, 90 So.2d 52.
For the reasons herein assigned, the judgment of the trial court is affirmed.
Affirmed.